M. B. Evetts el al. v. R. P. Tendick et al.

RENTS—TRESPASS TO TRY TITLE.—The plaintiff in an action of trespass to try title, who recovers, is entitled to rents upon the premises recovered, including as well the improvement placed upon the land by the defendant, as the land.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

This case was before this court on a former appeal. (38 Tex., 275.) On the trial it was conceded by the parties that the only issue of law or fact unsettled and left open for consideration was in regard to the value of the rents and improvements, and also use and occupation, and the appropriate judgment to be rendered on these points.

It was also conceded by plaintiffs that the defendants had in good faith placed permanent and valuable improvements upon the land sued for during their occupancy of the same and prior to the institution of suit.

There was much testimony offered as to the value of the lot; of improvements placed there by defendants; of the value of the use and occupation of the lot; of the rents of the premises as improved, &c.

The court submitted to the jury the following special issues:

1st. The value of the improvements now on the lots which

were put upon them by R. P. Tendick before 15th September, 1869.

2d. The value of the lots built upon, without the improvements put upon them by the defendants, or those under whom they claim.

3d. The value of the annual rent of the lots without the improvements from the 15th September, 1869, to the date of the trial.

The plaintiffs asked the court to instruct the jury as follows:

"This suit was filed on the 15th September, 1869, and it has already been adjudicated that the legal title to the premises sued for, is in the plaintiffs; also that the defendants are purchasers in good faith. Under this state of the case the law requires the plaintiffs to pay defendants the present value of all the improvements placed upon the land prior to the institution of this suit, and the plaintiffs are entitled to recover the value of the rents of the premises, including the improvements, the entire period from the 15th day of September, 1869, up to the date of trial. The jury are therefore charged—

"1st. To find the present value of the improvements placed upon the land sued for prior to the institution of this suit.

"2d. To find the value of the rents of the land and improvements from the 15th September, 1869, to the date of trial.

"3d. To find the present value of the land sued for, independent of the improvements."

Which instructions were refused by the court.

The jury found, by their verdict, the improvements to be worth four thousand dollars; the value of the lot eight hundred dollars; rent of the lot one hundred and twenty dollars per year, ($487.66)

Upon this verdict judgment was rendered according to the statute in such case provided.

Motion for new trial was overruled and plaintiff appealed.

*F. Barnard & A. Chesley*, for appellants, cited Paschal's Dig., arts. 5300, 5304; Tendick *v.* Evetts, 38 Tex., 275 ; Patrick *v.* Roach, 21 Tex., 256; Sartain *v.* Hamilton, 12 Tex., 221.

*R. V. Cook*, for appellees.

IRELAND, ASSOCIATE JUSTICE.—By the special issues submitted to the jury, and refusal of charges asked by appellant, he was precluded from recovering rents, except on the ground without reference to improvements ; and he has brought the case to this court and assigns this ruling as error. It is remarkable that the question here presented has never arisen in our courts before. The rule adopted in Kentucky, under laws like ours in many of their main features, known there as the " occupying claimant's law," was to allow the successful claimant, pay for rents on the improvements in cases where the occupant got pay for first cost of improvements, but when he recovered the value at the time of the trial, the successful claimant only recovered rents on the land without reference to improvements. (4 Litt., 370 ; 3 Marsh, 177 ; 1 Man., 163 ; 2 J. J. Marsh, 522.)

We believe it would be more equitable to follow the courts of Kentucky on this question, but the uniform and long-established rule with us, has been to allow the successful claimant pay for rents on the property as it is found at the time the suit commenced or during the litigation.

This is the uniform construction placed on our statute from 1840 up to the present time, allowing the occupant to pay for the value of improvements at the time of trial, or the amelioration in the value of the land with the improvements over its value in a wild state.

There would be nothing inequitable in courts and juries, in estimating rents and profits and value of improvements,

to take into consideration the fact that the occupant has lost his interest on the money expended in making improvements, and we believe it would be in accordance with correct rules of equity for the Legislature to require this to be done. We do not, however, lay it down as a rule, preferring that the Legislature shall engraft new rules that may be adapted to our law.

The court erred in refusing the charges asked by plaintiff, and in submitting the special issue with reference to rents, for which the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.