# Southern Cotton Oil Co. *v.* Henshaw.

*Statutory Action in nature of Ejectment.*

1. *Conveyance to partners, and conveyance by surviving partner.*—A conveyance to B. and H., their heirs and assigns, vests in each of them an equal undivided interest as tenants in common, though they may be partners; and on the death of one of them, his interest descends to his heirs, and is not subject, at law, to sale and conveyance by the other surviving partner.

2. *Power of attorney to surviving partner "to settle up all matters growing out of business of late firm, and to settle up and divide estate of deceased among those entitled thereto."*—A power of attorney executed by the heirs of a deceased partner, authorizing the survivor "to settle up all matters growing out of the business of the late firm, and to settle up and divide the estate of the said F. H. [deceased partner] among those entitled thereto, according to their several rights at law and in equity," and "to do all acts which may be necessary to accomplish said results in his discretion he may deem for their interest in the premises," does not authorize him to sell and convey their interest in a tract of land which belonged to him and the deceased as tenants in common.

3. *When action lies between tenants in common.*—Ordinarily, one tenant in common can not maintain an action against his co-tenant, without proving an actual ouster, or its legal equivalent; but, when the defendant is in actual possession of the premises, claiming the whole adversely under a written conveyance, a previous demand is not necessary to the maintenance of the action.

4. *Permanent improvements, and liability for rents; adverse possession for three years, and possession under color of title.*—In ejectment, or the statutory action in the nature thereof, the defendant may (1) restrict his liability for rents to one year before the commencement of the action, by pleading possession under color of title in good faith (Code, § 2706);

[Southern Cotton Oil Co. v. Henshaw.]

or (2) he may claim the benefit of permanent improvements erected by him on the land, by a suggestion of adverse possession for three years (*Ib.* § § 2602-05); but the two defenses are inconsistent, and they can not be pleaded together, so as to limit the defendant's liability for rents, and yet give him the benefit of his improvements.

5. *Computation of rents, where improvements have been made.*—When the defendant sets up possession under color of title in good faith, thereby restricting his liability for rents to one year before the commencement of the action, the rents are to be estimated as of the value of the land when he acquired it, and not of its value as enhanced by improvements erected by him.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Wm. H. Henshaw and others, against the Southern Cotton Oil Company, to recover an undivided interest in a tract of land containing about ten acres, on which the houses and works of said corporation were erected; and was commenced on the 28th March, 1889.   The record does not show what pleas were filed, the judgment-entry only reciting that the cause was tried "on issue joined." On the trial, the facts were admitted and agreed on, as follows:  (1.)   The premises sued for are a part of a tract of land lying about one mile north of the corporate limits of the city of Montgomery, known as the "Old Race Track," which "belonged originally to Josiah Morris," who, by quit-claim deed dated June 14th, 1873, in consideration of one dollar paid as recited, conveyed an undivided one-half interest in the entire tract to "Eugene Beebe and Ferrie Henshaw, their heirs and assigns."   Said E. Beebe and F. Henshaw were at that time partners, doing business under the firm name of Beebe & Henshaw.   (2.)   Ferrie Henshaw died during the year 1879, and left surviving him, as his only heirs at law, six brothers and sisters, four of whom are the plaintiffs in this suit; and they sue to recover four twenty-fourths, or one sixth of the premises, as their undivided interest therein.   (3.)   On the 5th August, 1879, the surviving brothers and sisters of said Henshaw executed a power of attorney to said E. Beebe, authorizing him to "do all things necessary to be done, which we, or either of us, if present, could do, in settling up all matters growing out of the business of the late firm of Beebe  &  Henshaw, which firm was composed of said E. Beebe and F. Henshaw, and of which firm said Beebe is surviving partner; and of all matters necessary to settle up and distribute the estate of the said Ferrie Henshaw among those entitled thereto, according to their several rights at law and in equity; and
29

to these ends, we and each of us authorize said Beebe, for us and in our names, to do all acts which may be necessary to accomplish said result, as in his discretion he may deem best for our interest in the premises;" and further, "to submit to arbitration, if any contingency should arise, any matter which may arise in the settlement or distribution of said estate."     (4.) On the 19th January, 1887, Beebe, for himself individually, and as surviving partner of Beebe & Henshaw, sold and conveyed an undivided one-half interest in the premises sued for, with other parts of the tract of land, to the Montgomery Land and Improvement Company, a private corporation; the deed reciting the payment of $54,444.39 as its consideration, and containing covenants of warranty, but making no reference to the power of attorney.     (5.) On the 3d. September, 1887, the Montgomery Land and Improvement Company, by quit-claim deed, reciting $1,000 as its consideration, conveyed the ten acres now sued for to the defendant in this case; and the defendant was in possession of the premises at the commencement of the suit, claiming under said deed.     (6.) It was admitted, also, that the annual rental value of the premises, when the defendant acquired them, was $10; that the defendant had erected valuable and permanent improvements costing more than $100,000; and that the rental value at the time of the trial, including the improvements, was $15,000.

On these facts, the court charged the jury, on request, (1) "that if they believed the evidence, the plaintiffs were entitled to recover their interest in the land sued for;" (2) "that under the evidence, defendant held possession of the property under color of title in good faith, and plaintiffs were not entitled to recover rents for more than one year before the commencement of the suit;" and (3) "that in estimating the amount of rents, plaintiffs were entitled to recover what the evidence showed was the rental value of the land as the same had been improved by the defendant." The defendant excepted to the first and third of these charges, and here assigns them as error, together with the refusal of several charges asked, which asserted the contrary propositions.

TOMPKINS & TROY, for appellant, cited  *Fielder v. Childs,* 73 Ala. 567; *Cole v. Johnson,* 53 Miss. 94; *Dorn v. Dunham,* 24 Texas, 366, 379; *McLaughlin v. Barnum,* 31 Md. 453; *Ormond v. Martin,* 37 Ala. 598: 6 Amer. & E. Encyc. Law,
VOL. LXXXIX.

245 *aa;* 2 Story's Equity, § 1237; *Wilkinson v. Stuart,*
74 Ala. 198: *Wolcott v. Townsend,* 49 Iowa, 456; *Tatum v.*
*McClellan,* 56 Miss. 352; 2 Suth. Damages, 346; 1 *Ib.* 254;
S. & W. on Trial of Titles, § 678; *Hollinger v. Smith,*
4 Ala. 367; *Jackson v. Loomis,* 15 Amer. Dec. 347-9;
*Turnipseed v. Fitzpatrick,* 75 Ala. 304.

SEMPLE & GUNTER, and WATTS & SON, *contra,* cited
*Hairston v. Dobbs,* 80 Ala. 589; *Dobbs v. Hairston,* 80 Ala.
594; *Turnipseed v. Fitzpatrick,* 75 Ala. 297; *Terrell v.*
*Cunningham,* 70 Ala. 100; *Newbold v. Smart,* 67 Ala. 331.

SOMERVILLE, J.—1. The deed of Morris, executed
on June 14th, 1873, to Beebe and Henshaw, conveys an
undivided one-half interest in the lands to the grantees, and
vests in each one of them an undivided fourth interest as
tenants in common. The consideration received by the
grantor is recited as moving from Eugene Beebe and Ferrie
Henshaw, and the conveyance is "to Beebe and Henshaw,
their heirs and assigns." This being the case, although a
partnership existed between Beebe and Henshaw, upon the
death of the latter, the legal title of his undivided fourth-
interest descended to, and vested in his heirs, also as tenants
in common with each other, and with Beebe. All the
owners must therefore join, in order to transfer the *legal*
title to a purchaser. The surviving partner alone had no
capacity to make any transfer, such as a court of law would
recognize.—*Espy v. Comer,* 76 Ala. 501; *Lang v. Waring,*
25 Ala. 625; *Caldwell v. Parmer,* 56 Ala. 405; *Yeatman v.*
*Woods,* 27 Amer. Dec. 452; note, p. 454; *McCormick's*
*Appeal,* 98 Amer. Dec. 191; note, p. 197.

The deed from Beebe to the appellant, executed in Janu-
ary, 1887, purports to convey the entire interest of himself
as well as of Henshaw's estate, being signed by him both
individually and as surviving partner of the late firm of Beebe
& Henshaw. Under the principle above declared, it oper-
ated only to convey Beebe's undivided one-fourth interest,
unless the conveyance can derive some force from the power
of attorney given to Beebe by Henshaw's heirs, bearing date
August 5th, 1879.

2. This instrument, in our opinion, confers no authority
to sell these lands. It only appoints Beebe attorney in fact
to "settle up all matters growing out of the business of the
late firm of Beebe & Henshaw," and to "*settle up and divide*

[Southern Cotton Oil Co. v. Henshaw.]

the estate of the said Ferrie Henshaw among those entitled thereto, according to their several rights at law and in equity;" and invests him with authority "to do all acts which may be necessary to accomplish said result." Such powers of attorney are ordinarily subject to a strict construction, so as to preclude the exercise by the agent of all authority not expressly given, or necessarily implied as usual and proper in order to execute the agency.—*Cummins v. Beaumont*, 68 Ala. 204. It can not be implied that the *sale* of the lands was necessary in order "to settle up and divide" the estate of Henshaw among those entitled.—*Dearing v. Lightfoot*, 16 Ala. 28; *Wood v. McCain*, 7 Ala. 800; s. c., 42 Amer. Dec. 612; *Scarborough v. Reynolds*, 12 Ala. 252; *Ashley v. Bird*, 14 Amer. Dec. 313; *Rossiter v. Rossiter,* 24 *Ib.* 62; note, 65-66; *Hay v. Mayer*, 34 *Ib.* 453.

The deed executed by Beebe, moreover, makes no reference to this power of attorney, and does not purport to have been executed under its authority. In claiming to convey "as surviving partner," it strongly repels such an inference.

3. The suggestion, that the action of ejectment can not be maintained in the present case without proving a prior demand for possession by the plaintiff, is not sustainable. It is very true, that one tenant in common can not ordinarily maintain such an action against a co-tenant, without proving an actual ouster, or its legal equivalent. But, when the defendant sets up an adverse holding, especially under a written conveyance, and thereby repudiates the existence of a co-tenancy with the plaintiff, as is done here, no proof of a previous demand is necessary. He will not be permitted in one breath to deny the relationship of co-tenant, and in the next to claim the benefits incident to its existence. *Harrison v. Taylor*, 82 Amer. Dec. 159; *Peterson v. Laik*, 69 *Ib.* 441.

4. All the other assignments of error, not covered by the principles above announced, with the exception which we last consider as to recoverable rents, are, in our judgment, settled adversely to the appellant by the principles declared in *Turnipseed v. Fitzpatrick*, 75 Ala. 297, and since reaffirmed in *Hairston v. Dobbs*, 80 Ala. 589, and *Dobbs v. Hairston, Ib.* 594. These cases construe sections 2702-2705 and section 2706 of the Code (1886), and distinctly assert that a defendant can not, at one and the same time, claim the advantage of a defense under each of these provisions. He may (1) make a suggestion of adverse possession, for three

years next before the commencement of the suit, and obtain the benefit of the provisions embraced in sections 2702-2705, which includes the full value of all permanent improvements made by the defendant; or (2) he may set up the fact of possession under color of title, in good faith, and thus acquit himself of responsibility for rents or damages for more than one year before the commencement of the suit, as authorized by section 2706. But, if he claims the benefit of one of these defenses, he must relinquish the other. The two are inconsistent, and can not be simultaneously asserted. See, also, *Kerr v. Nicholas*, 88 Ala. 346; s. c., 6 So. Rep. 698.

5. Under the pleadings contained in the record, the defendant was authorized to set up the second defense, so as to reduce the recoverable rents to one year before suit brought.—Code, 1886, § 2706. The question is, however, how shall such rents be computed? Shall it be on the land before or after the erection of the improvements? The statute does not say, and we are left to solve this inquiry on principles of reason and justice, and by authority.

The precise point arose in *Dozier v. Mitchell*, 65 Ala. 511, a case in equity, where a mortgagee, having purchased the mortgaged lands at his own sale, conveyed them to a purchaser, who was shown to have held possession under color of title, and in good faith. The purchaser made valuable permanent improvements on the premises. He was held chargeable, like the mortgagee himself, with rents upon the estate as it came into his hands, and not upon the increased value of the property arising from improvements.

The same rule is held also to apply to actions at law, according to what we deem to be the more just view, especially where no allowance has been made the defendant for the value of the improvements. In *Jackson v. Loomis* (4 Cow. 168), 15 Amer. Dec. 347, a leading case on this subject, which was trespass for mesne profits, a *bona fide* purchaser was allowed the value of permanent improvements made, to the extent of the rents and profits due the plaintiff; but it was said by Savage, C. J.: "Most clearly the defendant should not be compelled to pay an enhanced rent in consequence of his own improvements." In Iowa, where there is a statute similar to our own, the occupant is held not to be chargeable with rents on improvements made by himself, but only on the land itself.—*Dungan v. VanPuhl*, 8 Iowa, 265.

The same ruling has been made in Indiana, Wisconsin

[Southern Cotton Oil Co. v. Henshaw.]

and other States.—*Elliott v. Armstrong*, 4 Blackf. 424; *Davis v. Lenk*, 30 Wis. 308. In Mississippi it is held, that the defendant in possession is not to be charged with increased rent by reason of improvements made by him, and for which he has been allowed no compensation.—*Phillips v. Chamberlain*, 61 Miss. 740; *Tatum v. McClellan*, 56 *Ib.* 352. But a distinction seems to be made, where the defendant has obtained compensation for such improvements, and the plaintiff recovers against him in ejectment.—*Miller v. Ingram*, 56 Miss. 510. The Supreme Court of Texas, in *Evetts v. Tendick*, 44 Tex. 570, held the defendant liable for rents on the land in its improved condition, following former decisions, but observed that the contrary rule was more equitable.

The more just rule, and the one sustained by a preponderance of authority, is believed to be, that the *bona fide* occupant should not be charged with income from his own improvements, where he is so situated as not to be entitled to claim allowance for his expenditures in erecting them. Sedgwick and Wait's Trial of Title to Land, (2d Ed.) § 678, and cases cited. That is this case, and we need not at present extend the principle any further.

It is very true, that there is no evidence contained in the record to repel the idea that the improvements in the present case may have been made after the commencement of the present suit; and where such is the case, no recovery can be had for the improvements.—*Gordon v. Tweedy*, 74 Ala. 232; 49 Amer. Rep. 813. But the charge given by the court assumes the contrary to be true. It asserts that, "if the jury believe the evidence, the plaintiffs are entitled to recover as damages the rental value of the land sued for, as the same has been improved by defendant, from one year before the commencement of the suit to date." This charge was equivalent to an instruction authorizing the jury to assess rents on the improvements and land, commencing one year before the commencement of suit. Under the principles announced above, this ruling was erroneous, as were several others relating to the same phase of the case.

Reversed and remanded.