### JENNINGS v. HARE.

MINOR — CONTRACT — RENTS — RESULTING TRUST—ELECTION—CASE DISTINGUISHED.—Where a minor elects to rescind a contract for the purchase of a house and lot, the property vests in the grantor without any claim or equity of the minor as to rents overpaid grantor, and she also deprives herself of getting the benefit of payments made on the contract by a third person with his own money. *Scott* v. *Scott*, 29 S. C., 414, *distinguished*.

Before BENET, J., Greenville, December, 1895. Affirmed.

Action by L. I. Jennings against Florence S. Hare and W. C. Black, for foreclosure of two mortgages. The issues were referred to the master, who made the following report:

The master, to whom it was referred to hear and determine the issues of law and fact raised by the pleadings in the above stated case, respectfully begs leave to report that he has held references, and taken the testimony herewith submitted. From the testimony the master finds that, a short time prior to the 29th day of September, 1892, the defendant, W. C. Black, contracted with one John L. Hare, the husband of the defendant, Florence S. Hare, for the sale to him of the lot of land described in the pleadings. Under the terms of this contract, Black was to convey to John L. Hare this lot of land for the sum of $500, and to furnish to him the further sum of $500 for the purpose of building a house thereon. This contract was made with the husband,

who went into possession thereunder, and the wife's name was not mentioned in connection therewith till the deed was about to be executed.   When it came to the execution of the deed, Hare requested Dr. Black to make the deed to his wife, which he did, on the 29th of September, 1892. On the same day Mrs. Hare executed her mortgage to Dr. Black for the sum of $1,000; $500 of that sum was for the purchase money of the lot, and the remaining $500 for advances that Dr. Black was to make for building a house thereon.   Hare made the contract for the building, and attended to all the details in selecting and purchasing materials, procuring labor, &c.   The bills for these various items were presented to Dr. Black from time to time, and paid by him till he had expended the sum of $671.70, being $171.70 in excess of the amount he had agreed to furnish under the contract.   Dr. Black called the attention of Mr. Hare to this fact, and demanded an additional mortgage to cover this excess.   Hare consented to this, and, accordingly, the mortgage, of date December 22d, 1892, was executed by Mrs. Hare.   John L. Hare paid, November 8th, 1892, $150; January 2d, 1894, $146, and December 1st, 1894, $100 on the $1,000 mortgage.   These several sums, amounting in the whole to $396, were paid by John L. Hare out of his own means.   On the      day of May, 1895, the defendant assigned these notes and mortgages to the plaintiff without recourse on him, but guaranteed that there was due on the $1,000 note and mortgage, at the time of the assignment, the sum of $776.93, and on the $171 note and mortgage the sum of $204.82.   The defendant, Florence S. Hare, has been in possession of the premises described in the pleadings ever since the completion of the house, to wit: since about the 15th of November, 1892, and occupied the same as a residence; the rental value of this house and lot is $9 per month.   This will make the sum of $307.80 the rental value of said premises from the day the defendant, Florence S. Hare, took possession till this date. John L. Hare paid Bramlett & Barnett on account of mate-

rial that went into the building in question, $119.13, and one Thomas Butler for work done on the same, $18. The defendant, Florence S. Hare, is under the age of twenty-one years, and pleads infancy as a bar to the recovery of the plaintiff in this action. There is due on the two notes described in the pleadings according to the guarantee of the defendant, Black, to the plaintiff, the sum of $1,005.63.

The master concludes as findings of law that the defendant, Florence S. Hare, is entitled to have the contract entered into by her for the purchase of the property in question rescinded, and the deed and notes and mortgages executed for the purpose of carrying out that contract, cancelled, and to recover from the defendant, W. C. Black, the money paid to him on said purchase, subject to an accounting by her for the rent of said premises during the time she has occupied the same, as hereinbefore stated. This being done, the account between the parties defendant stands as follows: Paid by defendant, Hare, November 8th, 1892, $150; interest to September 20, 1895, $30.05; paid by defendant, Hare, January 2, 1894, $146; interest to September 20, 1895, $17.53; paid by defendant, Hare, December 1, 1894, $100; interest to September 20, 1895, $6.41—total, $449.69. Rent due by defendant, Hare, November 15, 1893, $108; interest September 20, 1895, $14; rent due by defendant, Hare, November 15, 1894, $108; interest September 20, 1895, $6.44; rent due by defendant, Hare, September 20, 1895, $91.50—$327.94; balance, $122.05. Thus it appears that there is due by the defendant, Black, to his codefendant upon a proper adjustment of the accounts between them, the sum of $122.05, for which she is entitled to recover judgment against him, with interest from this date—subject, however, to a discount for the rent of said premises at $9 per month for such time as she may occupy the same after the date of this report.

The master respectfully recommends that the defendant, W. C. Black, be required to pay his codefendant by a day certain, subject to the discount for rent above mentioned, the sum of $122.05, with interest from date of this report,

and that he be further required to pay the costs of this action. That in the event he shall fail to pay the said sum of money as above required, then the premises in question be sold by the order of the Court, and the proceeds applied to the payment of said sum of money and costs as above recommended, and that the balance of the proceeds of said sale be applied to the debt due to the plaintiff as hereinbefore reported. That in the event the said balance shall not be sufficient to pay the plaintiff's debt, then the plaintiff do recover judgment against the defendant, Black, for the deficiency, provided such deficiency does not exceed the sum of $122.05, with interest from this date.

From this report all parties appealed, and the Circuit Judge sustained the report, except as indicated in the opinion. From this decree the defendant, Florence S. Hare, appeals on the following exceptions:

I. Because his Honor, the presiding Judge, erred in not holding that the defendant, Florence S. Hare, should be held to account for only such rents as were due to the amount furnished and contributed by the defendant, W. C. Black, to the property producing said rents, including the lot on which the house and improvements were put; and it appearing from the evidence that the house and lot and improvements altogether cost $1,311.70, and that said W. C. Black contributed and furnished only $1,174.57 of said amount, including the value and price of the lot, the said Florence S. Hare should have been held to account to him for only $1,174.57—$1,311.70 of $9 per month, the rental value of said premises, the remaining costs of said building and improvements, to wit: $137.13, having been paid by John L. Hare; and his Honor erred in not holding that she should account for only $1,174.57—$1,311.70 of said rental value; and his Honor erred in not holding that the amount of rent found by the master should have been reduced by $137.13—$1,311.70 thereof; and he erred in not deducting from the amount of rent found by the master, to wit:

$327.94, $137.13—$1,311.70 thereof, to wit: $34.28, and thereby making balance due said Florence S. Hare on accounts of said payments made by her on the notes and mortgages mentioned in the complaint herein at the date of the master's report, $156.33; and he also erred in not holding that the amount of subsequently accruing rents for which said Florence S. Hare should account should be $1,174.57—$1,311.70 of $9 per month.

II. Because his Honor, the presiding Judge, erred in sustaining the first exception of the plaintiff, respondent herein, to the master's report, and ordering that the proceeds of the sale of the premises ordered to be sold herein be first applied to the payment of the debt and costs of the plaintiff, respondent, and before the payment of the amount due the defendant, Florence S. Hare, on account of payments made by her on the notes and mortgages set forth in the complaint in this action, after deducting rents accrued and accruing during her occupancy of said premises.

III. Because his Honor, the presiding Judge, erred in not ordering that the proceeds of the sale of the premises ordered to be sold herein be first applied, after paying the master's fees and expenses of sale and any lien for taxes or assessments, to the payment of the amount due the defendant, Florence S. Hare, on the payments made by her to the defendant, W. C. Black, on the notes and mortgages set forth in the complaint in this action, after deducting the rents of said premises therefrom accrued and subsequently accruing during the occupancy of said premises by said Florence S. Hare.

IV. Because his Honor, the presiding Judge, erred in not ordering the defendant, W. C. Black, to pay the amount due the defendant, Florence S. Hare, on account of the payments she made on the notes and mortgages, after deducting rents accrued and accruing during her occupancy of said premises, by a day certain, and if he did not pay the same by such specified day, that said premises be sold, and the proceeds of sale applied, first, to the payment of said amount and the costs of said Florence S. Hare, after paying

the amount of the master's fees and expenses on such sale and any lien for taxes or assessments.

V. Because his Honor, the presiding Judge, erred in not holding that the said Florence S. Hare, having the title to said premises and being in possession thereof, had the highest equity as a mortgagee in possession, and was entitled to have the amount due her on account of the payments which she had made on said notes and mortgages, after deducting rents accrued and accruing during her occupancy of said premises paid to her out of the proceeds of the sale of said premises before paying the debt and costs of the plaintiff.

VI. Because, even if his Honor, the presiding Judge, did not err in ordering the proceeds of said premises applied to the payment of the debt and costs of plaintiff before the payment of the amount due defendant, Florence S. Hare, as aforesaid, it is respectfully submitted that he erred in not ordering that she have a personal judgment against the defendant, W. C. Black, for any deficiency remaining unpaid of said amount due her on account of payments made by her on said notes and mortgages, after deducting rents accrued and accruing during her occupancy of said premises, after exhausting the proceeds of the sale of said premises.

VII. Because his Honor, the presiding Judge, erred in holding that as the plaintiff was a purchaser of the notes and mortgages set forth in the complaint in this action, without notice of any equitable lien of the defendant, Florence S. Hare, that the proceeds of the sale of said premises should be first applied to the payment of the plaintiff's debt in preference to said claim of the said defendant, Hare, it being respectfully submitted that the plea of a purchase for valuable consideration without notice cannot prevail against the plea of infancy and the rights arising out of such plea when it is established.

The defendant, Black, gave notice that he would ask this Court to sustain the order of Judge Benet on the following grounds:

I. That the defendant, Florence S. Hare, has no right to recover of the defendant, W. C. Black, any of the payments made upon the notes and mortgages referred to in the complaint, and has no interest in the money paid thereon, it appearing that the deed to her was executed by W. C. Black at the request of John L. Hare, with whom the said Black had previously made a verbal agreement for the sale of the said property, under which agreement the said John L. Hare had taken possession of the said premises; it appearing, further, that the payments made upon the said notes and mortgages were made by the said John L. Hare out of his own funds and not out of any estate of the said Florence S. Hare.

II. That the said Florence S. Hare was entitled to recover no payment from the defendant, W. C. Black, because, under the agreement of the said John L. Hare with said W. C. Black, the said Black had advanced a considerable amount of money to the said John L. Hare and subsequently to the said Florence S. Hare, and any payments made by either of them to the said W. C. Black would be regarded simply as a return of the said money for these advances.

*Messrs. Shuman & Dean*, for appellant, cite: Tyler on Inf. and Coverture, secs. 28, 53, 75; 10 A. & E. Ency., 634, 635, 657; 3 Ex., 565; 138 Mass., 310; 29 S. C., 414; 38 S. C., 138; 97 Mass., 303; Benj. on Sales, 235; 4 Ill., 61.

*Messrs. Haynesworth & Parker*, for Black, contra, cite: 1 Parsons on Contracts, 322, 501, 496; 15 Rich., 293; 18 A. & E. Ency., 187; 48 N. H., 251; 2 Kent Com., *240.

July 22, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced on the 12th day of June, 1895, to foreclose two mortgages on the house and lot described in the complaint. The facts are fully stated in the report of the master, which will be set out in the report of the case, and it is only necessary to refer to it for a proper understanding of the questions raised

by the exceptions.   When the case was heard by his Honor, Judge Benet, he overruled all the exceptions to the master's report except the plaintiff's first exception, which was as follows: "Because the master in said report recommended that in case the premises in question are sold, as therein provided, that the sum of $122.05 be paid to the defendant, Florence S. Hare, out of the proceeds of such sale, and balance applied to plaintiff's debt; whereas he should have recommended that, as the plaintiff was a purchaser of said notes and mortgages without notice of any equitable lien of the defendant, Hare, that the proceeds of such sale should have been applied first to plaintiff's debt, in preference to the claim of the defendant, Hare." After sustaining this exception, his Honor, Judge Benet, ordered a sale of the premises, and concluded his order as follows:  *  *  *  "That out of the proceeds of said sale, the said master deduct the amount of his fees and expenses on said sale, and any lien for taxes or assessments, and that he then pay the plaintiff the amount found due him, and the costs of this action, said sum to bear interest from the date of said report, and if any balance should remain in his hands after such payments, that he do then pay the same to the defendant, Florence S. Hare, or her attorney, or her legally appointed guardian.   In the event the proceeds of sale be insufficient to pay the debt of plaintiff, the plaintiff shall be entitled to no judgment against W. C. Black for such deficiency, and so much of the master's report as gives judgment for such deficiency, be overruled." The defendant, Florence S. Hare, appealed from said decree, upon exceptions which, together with the additional grounds upon which the respondent, W. C. Black, gave notice he would ask this Court to sustain said decree, will be set out in the report of the case.

The exceptions raise substantially but three questions, to wit: 1st. Was the Circuit Judge in error, when he adopted the mode by which he ascertained the rental value of the premises?   2d. Was the Circuit Judge in error, when he decreed that the plaintiff's debt should be paid out of the

proceeds of sale, prior to the claim of the defendant, Florence S. Hare? 3d. Was the Circuit Judge in error, in not decreeing that Florence S. Hare should have a personal judgment against W. C. Black for any deficiency remaining unpaid of her claim, after exhausting the proceeds of sale of said premises?

We will consider the questions raised by the exceptions in the order above stated, and proceed to a consideration of the first question. John L. Hare paid Bramlett & Barnett on account of material that went into the building in question, $119.13, and Thomas Butler for work done on the same, $18, aggregating $137.13. The appellant contends that as the house and lot and improvements altogether cost $1,311.70, and W. C. Black only contributed $1,174.57 of said amount, she should not be held to account for the full rental value of the premises, but only in the proportion which $1,174.57 bears to $1,311.70, and that the rental value should be reduced in the proportion which $137.13 bears to $1,311.70. When the defendant, Florence S. Hare, arrived at the age of maturity, she had the right either to confirm or rescind the agreement which she entered into with the defendant, Black. She made her election to rescind, the effect of which was to relieve her of her obligation, and to vest the title to the house and lot in Black. Black did not receive any benefit from the payment to Bramlett & Barnett of the $137.13 by John L. Hare until Florence S. Hare, by making her election to rescind her agreement with Black, vested the title to the house and lot in Black. This was a voluntary act on her part, and she will not be allowed now to say that when the agreement was rescinded, it did not have the effect of vesting title in Black, freed from all claims and equities touching the rental value of said property. The exceptions raising the first questions are overruled.

We come next to a consideration of the second question. The master finds that the amounts received by the defendant, Black, aggregating $396, were paid by John L. Hare

out of his own means. There is no exception before us raising a question as to this finding, and it must, therefore, be accepted as true. If the money paid to Black had been the property of Florence S. Hare, then this case would be governed by the principle established in *Scott* v. *Scott*, 29 S. C., 414, and her claim would have priority over that of the plaintiff in the distribution of the proceeds arising from the sale of said property. The payments made to Black by John L. Hare did not have the effect of vesting Florence S. Hare with the ownership of the money. The effect of the payments was to extinguish her indebtedness, but when she made her election, by which the agreement was rescinded, and the parties, as far as possible, restored to the *status quo*, we do not see how she can set up a claim to the money with which the payments were made, when it never belonged to her. Florence S. Hare, by her voluntary act in rescinding the agreement, prevented herself from getting the benefit of payments made in her behalf by a third person with his own money. The exceptions raising the second question are also overruled.

The third question is disposed of by what has been said touching the second question; and the exception upon which it was predicated is likewise overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.