(121 So. 713)

## McCARTY–GREENE MOTOR CO. v. McCLUNEY. (7 Div. 848.)

Supreme Court of Alabama. March 21, 1929.

Rehearing Denied April 18, 1929.

---

[1] Post, p. 399.　　　[2] Ante, p. 23.

Motley & Motley, of Gadsden, for appellant.

W. J. Boykin and Culli, Hunt & Culli, all of Gadsden, for appellee.

ANDERSON, C. J. The contract of purchase having been made by the appellee when a minor, he had the right to rescind

same when becoming of lawful age, which was done in this case both by notice and filing the present bill. It is well settled that when a minor, after becoming of age, in order to rescind a contract made during his minority, and recover what he parted with under the contract, must restore or offer to restore what he may then have on hand of whatever he may have received under said contract. Bell v. Burkhalter, 176 Ala. 62, 57 So. 460. It was therefore incumbent upon the complainant to restore to the respondent the car purchased from it or to show a legal excuse for not doing so. The excuse shown or offered was the claim that the complainant had a lien on the car for the sums he had previously paid on the purchase price, and this claim finds support in the case of Jesse French Piano & Organ Co. v. Bradley, 138 Ala. 177, 35 So. 44. Under these circumstances, the complainant held the car in the nature of a bailee, and the fact that he may have used it would render him liable for the use or hire thereof or for a deterioration in value resulting therefrom; but this fact would not operate as an estoppel against a right to rescind. Hayes v. Woodham, 145 Ala. 597, 40 So. 511.

The fact that complainant misrepresented his age when trading for the car did not operate as an estoppel against a rescission. If a minor cannot make a valid contract, he cannot by his act or conduct, during minority, become legally bound thereby.

The trial court did not therefore err in holding the pleas 1, 2, and 4 insufficient. Plea 3, however, was but one of recoupment or set-off for the use or hire of the car while the complainant was holding same after becoming of age or while holding same in the nature of a bailee, and for a deterioration in the value as a result thereof, and the trial court erred in holding said plea insufficient.

The trial court erred in holding the respondent liable for the value of the old car traded in for the new one. This old car belonged to the complainant's father, who was sui juris, and who turned it over or obligated himself by a written contract to turn it in as a credit on the purchase price of the new car. True, he may have intended it as a gift to his son; but, whether it was or not, it was for the special and sole purpose of being used as it was. McCluney, Sr., not only signed the original contract agreeing to turn the old car in for this purpose, but he also testified: "I let my son have a Buick automobile to be used in making that trade. I gave him the car for that purpose." Upon the rescission of a contract of a minor, upon becoming of age, he should recover only what he parted with, and not what another advanced or paid for his benefit. Jennings v. Hare, 47 S. C. 279, 25 S. E. 198. While it is claimed the old car was a gift to the son, it was not unconditional, but for the sole purpose of being traded in for the purchase for the new car, and this was the equivalent of an advance or payment by McCluney, Sr., on the purchase of a new car.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### Upon Rehearing.

ANDERSON, C. J. In dealing with plea 3, we were under the impression that the date as therein set out was the date that the appellee became of age; but it now seems to be the date of the trade, and he did not become of age until the following July. Therefore, he was not liable for the use or detention of the car during his minority, and, as that period was included in the plea, the trial court did not err in holding said plea insufficient.

The opinion is to this extent modified, and the application is overruled.

GARDNER, BOULDIN, and FOSTER, JJ., concur.