163 So. 570

**WILLIAMS v. UPTAGRAFFT et al.**

**4 Div. 887.**

Supreme Court of Alabama.

May 28, 1936.

Carmichael & Tiller, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, for appellees.

FOSTER, Justice.

This is a suit in equity by the children of E. E. Uptagrafft to vacate a proceeding in the probate court while they were minors begun by their guardian to sell their interest in land for their maintenance and education.

The claim is made that the proceeding was in violation of a feature of section 7918, Code, in which it is provided that when the homestead of a decedent vests absolutely in the widow and minor children, "it shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age," with an exception not here applicable.

The bill does not allege that the homestead was set apart, or that the estate was declared insolvent, or that there was an administration of the estate. But it alleges that E. E. Uptagrafft died in 1912, leaving a widow and three minor children as his only heirs at law, and that the homestead was of less value and area than the exemption allowed as such. It then alleges that the title vested in them; and that since it did so vest, the clause in section 7918, Code, which we have copied serves to prevent a sale except as there provided, Mathews v. Goodenough, 206 Ala. 229, 89 So. 708; and that the title vested in the widow and minor children, although it was not set apart to them, since there were no other heirs. Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

The bill does not allege that complainants are in possession of the land, nor the statutory requirements of one to quiet title when complainant is not so in possession. For such failure, and on other grounds demurrers are directed.

But a court of equity upon a bill in the nature of a bill of review has the power, independently of one to remove a cloud, to vacate a judgment or decree for fraud or want of jurisdiction, or for matter sufficient to that end, not appearing on the face of the judgment, or when the judgment is void on its face, when done in the proper time. Snyder v. Woolf (Ala.Sup.) 166 So. 803;[1] Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Jones v. Henderson, 228 Ala. 273, 153 So. 214.

If the proceeding to sell the land is void because it violated section 7918, Code, a court of equity could vacate it by such a suit, not on the principle of removing a cloud, but in the nature of a bill of review.

The demurrer also goes to the point that complainants do not offer to refund the consideration shown to have been received by the guardian, assuming for the moment that the proceeding was void. Applicable to an infant's contracts, the rule is that he cannot rescind it by a suit in equity without restoring the amount received under it, or showing a legal excuse for not doing so. McCarty-Greene Motor Co. v. McCluney, 219 Ala. 211, 121 So. 713; Bell v. Burkhalter, 176 Ala. 62, 57 So. 460.

But a sufficient showing is made when he alleges that he has wasted or consumed it. The reason is that if he were then made to restore it, he would be deprived of the protection against his improvidence and incapacity, which the law designs to give. Bell v. Burkhalter, supra. But when the principle of protecting an infant against his improvidence does not arise, he can no more invoke an equitable right without restoring the consideration received than can an adult. Coburn v. Coke, 193 Ala. 364, 69 So. 574; Hobbs v. N., C. & St. L. Ry. Co., 122 Ala. 602, 26 So. 139, 82 Am.St.Rep. 103.

So it has been held that when a personal representative petitions the court for the sale of land not alleging the existence of jurisdictional facts, the order of that court was coram non judice and void. But when

---

[1] Ante, p. 87.

a sale is made under such an order, and the premises are bought and paid for, and the personal representative applies the amount to the payment of debts of the decedent, and the maintenance of the helpless infant heirs, a court of equity will estop all parties, including the infants, from setting up the nullity of the proceeding, certainly without refunding the amount of the purchase price. Robertson v. Bradford, 73 Ala. 116; Laird v. Columbia Loan & Inv. Co., 216 Ala. 619, 114 So. 208; Id., 204 Ala. 246, 85 So. 521; Marx v. Clisby, 130 Ala. 502, 30 So. 517.

■ The exhibits made a part of the bill show that $1,500 was paid to the guardian of these complainants (unlike Bank of Wetumpka v. Walkley, 169 Ala. 648, 53 So. 830, in that respect), and no offer is made to refund it to the purchaser. The demurrer takes that point, and we think it is well taken.

We have thus far treated the bill assuming that the proceeding to sell violated section 7918, Code. But we will undertake to show that it does not.

■ The sale was evidently had under authority of section 8182, Code, which provides for it by authority of the probate court, as to real or personal property of a minor for his maintenance and education. We have quoted that feature of section 7918, Code, which provides that when the title vests in the widow and minor children, it shall not be sold or partitioned by order of any court, except as there provided.

Prior to the existence of that feature of the law, it had been held that when the title so vested, and one of the heirs came of age, he could sell his proportionate interest, and the purchaser could have the whole sold for division, and thereby deprive the widow and other minors of the protection of their home. Faircloth v. Carroll, 137 Ala. 243, 34 So. 182. The amendment provided against that, so that it may not be "sold or partitioned," except for reinvestment by order of the circuit court, in equity, and with the consent of the widow. It is neither in the letter nor spirit of this provision to prevent one of such joint owners from selling and conveying his separate and distinct interest in the land. The widow may do so, as may also those of the minors who shall thereafter arrive at the age when they may do it legally. But when so, the purchaser cannot under section 7918, Code,

have the land sold for division, since it was enacted for the purpose of protecting the enjoyment of the homestead by the widow and minors during the time there provided, against the personal representative and those minors who have reached majority and their assigns. Chambliss v. Derrick, 216 Ala. 49, 112 So. 330. That act is in no respect violated by a sale of each or all such tenants in common individually and personally by which his respective or separate interest is sold and conveyed.

The inhibition of the statute is directed against its sale as a whole so as to break up the homestead possessory rights secured by the statute against the will of the widow and right of the minors to its enjoyment. Of course, when the widow sells her interest, she has no longer a claim to its use and releases any such right, and passes her fee title; likewise when a minor reaches majority and does so; but neither will affect the right of those who continue to be minors to retain the use of the entire premises during such minority.

■ We see no reason why the guardian of one of the minors under section 8182, Code, could not sell, when duly authorized, his proportionate interest in the fee, and convey such rights as would pass were he an adult. This would not entitle the purchaser to any possessory rights as long as there is one or more of the minors still under age to use the homestead, or during the life of the widow if she has not sold her interest.

The purpose of section 7918, Code, is clearly not intended to prevent a passing of title by any of the joint owners separately, in any manner authorized by law. That feature of the law does not destroy such sale otherwise legal, but declares that the effect shall be that the purchaser shall not use that title to effect a sale in court or a partition, so as to deprive the others of their right to use the homestead or get its benefits. That status is not changed simply because the guardian used section 8182, Code, to authorize the sale of the interest of each of the minors in one proceeding.

■ The bill here shows that one of the minors was of age when it was filed, and the ages of the other two, as stated in the probate proceeding, Exhibit A, are such that they have now reached their majority,

and that the widow has sold her interest. If those facts are true, the right to the protection and use of a homestead has ceased and the restrictions of section 7918, Code, terminated.

But the purpose of this bill is not to declare the result of the sale under section 8182, Code, but to set it aside because it is in violation of the restriction in section 7918, Code. We think it is not void for that reason, and that the bill is without equity.

We need not discuss other questions.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

