12 So.2d 858

**JUDD v. DOWDELL.**

5 Div. 373.

Supreme Court of Alabama.

April 8, 1943.

Denson & Denson, of Opelika, for appellant.

232

Jacob A. Walker, of Opelika, for appellee.

FOSTER, Justice.

The question here is the right of one who has acquired the interest of the widow and one minor child in the homestead of decedent, Van Dowdell, Sr., to contest in equity under the uniform Declaratory Judgments Act of Alabama, section 156 et seq., Title 7, Code of 1940, with Van Dowdell, Jr., the other minor (now of age) as to their respective interests in the land, of which the respondent is in possession.

The trial court sustained demurrer to the bill, and complainant appeals.

The land is alleged not to exceed in value and area the exemption allowed by law: that it was decedent's homestead at the time of his death in 1933, and that he owned no other land: that his only heirs at law were his widow, Pennie Dowdell and two minor children, Van Dowdell, Jr., and Rhoda Mae Dowdell. There has been no administration on the estate and the land has not been set apart as an exemption. Van Dowdell, Jr., is in possession, and complainant has acquired, as he alleges, the rights and interests of the widow Pennie Dowdell, and of the minor Rhoda Mae Dowdell.

The respondent claims that the above stated facts recited in the bill show that the title to the land vested by operation of law in the widow and the two minor children jointly as tenants in common, and that

complainant acquired no more than a two-thirds interest in the land, and that his remedy at law to secure and test his rights is adequate in ejectment for its recovery, and therefore the Declaratory Judgments Act, supra, in equity is not available. Complainant claims that the land did not pass to the three jointly, without a setting apart of it as the homestead; that since respondent has arrived at the age of twenty-one, a setting apart now would not avail him anything under the case of Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113 (Faulk & Co. v. Boutwell, 242 Ala. 526, 7 So.2d 490), not observing that the rule of the Buchannon case was changed by section 7956, Code of 1923, Code 1940, Tit. 7, § 702, under which his rights are to be here determined; that he acquired the interests of the widow and Rhoda Mae, entitling him to the exclusive possession of the land as long as the widow lives. She and Rhoda Mae are made parties, but are not here contesting, and admit that he has acquired their interest.

Complainant also contends that the situation is so complicated as to the title as to require the interpretation of a court of equity; that ejectment cannot do complete justice and would only settle the right to possession, and not the title to the land.

■ We agree with appellee's contention that on the facts alleged the title vested in the widow and minor children as tenants in common, and that it was not necessary to that end that it be set apart and judicially determined that it is all the real estate which was owned by decedent at the time of his death, since there were no other heirs left by him except the widow · and the two minor children. Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Mathews v. Goodenough, 206 Ala. 229, 89 So. 708; section 7920, Code of 1923, here operative, but it is the same as section 663, Title 7, Code of 1940; Williams v. Uptagrafft, 232 Ala. 454, 168 So. 570; Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, 115; Bishop v. Johnson, 242 Ala. 551, 7 So.2d 281.

■ The prohibition of section 7918, Code of 1923, section 661, Title 7, Code of 1940, against a sale of the land until the death of the widow and the youngest child is of age does not serve to prevent the widow or a child (by proper court proceedings) from selling their interest, since that does not break up the homestead right. But when the interests of the widow and only remaining minor have been sold, there remains no further possessory homestead right as distinguished from the title. Williams v. Uptagrafft, 232 Ala. 454, 168 So. 570. This rule has not been changed by section 702, Title 7, Code of 1940, as appellee claims.

So that the only remaining question is whether or not the bill shows on its face that complainant cannot have adequate relief in an ejectment suit at law.

■ An action of ejectment cannot be maintained by a tenant in common against his cotenant in possession in the absence of an ouster or its equivalent. Farr v. Perkins, 173 Ala. 500(10), page 509, 55 So. 923; Southern Cotton Oil Co. v. Henshaw, 89 Ala. 448, 7 So. 760; Philpot v. Bingham, 55 Ala. 435.

■ A refusal on demand to be let into the joint use and enjoyment of the land made by a tenant in common against another in possession "furnishes that clear evidence of ouster." Newell v. Woodruff, 30 Conn. 492, 498, quoted in Farr v. Perkins, supra; 65 Corpus Juris 514, section 168.

The bill seeks to be predicated upon a claim by complainant that he is entitled to the exclusive possession during the life of the widow, and in paragraph eight alleges that he demanded possession of said land from respondent and he failed and refused to deliver such possession. And in paragraph nine it alleges that respondent claims the possessory right to the exclusion of complainant or the right to share the possession with complainant as tenant in common.

■ His demand for exclusive possession and its refusal is not an ouster if complainant's interest is that of a cotenant. A demand and refusal (or other evidence of an ouster) add nothing to the right of complainant to maintain ejectment, if complainant has the right to the exclusive possession during the life of the widow. The bill does not allege that complainant made demand for the right to be let into the joint use and enjoyment with respondent and his refusal. The implication is that such a demand would probably not be refused. Since respondent is now over the age of twenty-one years, and the widow and minor have both parted with their title as alleged, and have no further possessory right, and do not contest that fact, the possession of the land as a homestead by

respondent freed from the right to its sale for division at the suit of complainant does not now exist. Williams v. Uptagrafft, supra, not affected by section 702, Title 7, Code of 1940.

■■ Complainant must show that he does not have an adequate legal remedy to justify his coming into equity, under the Declaratory Judgments Act. State v. Inman, 238 Ala. 555, 191 So. 224. There is no reason here shown for coming into a court of equity. He cannot come into equity upon the basis of an implication that there has been no such ouster as to justify an ejectment suit, when he has made no demand to be let into a joint use of the land. If such a demand is made and refused, ejectment will lie, as by one cotenant against another. Likewise, if there is other evidence of an ouster. But to come into equity, he must show a necessity to do so, by an inadequacy of legal remedies. This is not done when he refrains from seeking to find out whether respondent's possession is intended as an ouster.

■ So that the bill as now set up is subject to the demurrer interposed to it, although complainant can by amendment allege the fact of his cotenancy pursuant to our opinion here expressed, and seek a partition of the land or its sale for division upon proper allegations, whereupon the suit could remain in equity. Section 186, Title 47, Code of 1940; section 326, Title 7, Code of 1940.

The demurrer was properly sustained giving complainant the usual right to amend if he sees proper.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.