40 So.2d 79

## ROBERSON MOTOR CO. v. SIMS et al.
### 3 Div. 525.

Supreme Court of Alabama.
April 21, 1949.

Ben Hardeman, of Montgomery, for appellant.

Files Crenshaw, of Montgomery, for appellees.

FOSTER, Justice.

This is an appeal by defendant in an equity suit from a decree overruling its demurrer to the bill.

The bill was filed by G. W. Sims as the purchaser of an automobile to cancel the transaction, and for relief against a contract and notes to secure a balance of the purchase price. Complainant G. W. Sims bases his right to relief primarily on the ground that he was a minor at the time of the transaction, also that there was a misrepresentation made to him as to the amount recited in the instrument as the balance of the purchase money remaining unpaid.

The grounds of demurrer relied on go to the sufficiency of the remedy at law and absence of equity jurisdiction. He was of lawful age when the bill was filed.

The bill was apparently filed upon the authority of McCarty-Greene Motor Co. v. McCluney, 219 Ala. 211, 121 So. 713.

We see no reason why the claim of infancy as a ground to discharge a contract and notes gives one who has attained his majority a better right to invoke equity in that respect than if based on fraud. When there is a sale of land procured by fraud, and the seller is out of possession, his right to equity depends upon whether he was fraudulently induced to execute the deed by the grantee misrepresenting matters of inducement on the one hand or by misrepresenting the contents of the deed on the other. Davidson v. Blackwood, 250 Ala. 263, 34 So.2d 205; Tyler v. Copham, 245 Ala. 151, 16 So.2d 316; Fuller v. Scarbrough, 239 Ala. 681, 196 So. 875; Mathison v. Barnes, 245 Ala. 289, 16 So.2d 717; Davidson v. Brown, 215 Ala. 205, 110 So. 384.

This principle applies also to a purchaser of land. Perry v. Boyd, 126 Ala. 162, 28 So. 711, 85 Am.St.Rep. 17; Baptiste v. Peters, 51 Ala. 158. In Southern States Fire & Casualty Co. v. Whatley, 173 Ala. 101, 55 So. 620, it was held that when one is fraudulently induced to subscribe for stock in a corporation and to execute notes for same, a court of equity will entertain jurisdiction to cancel the fraudulent contract at the instance of the injured party when his remedy at law will not be complete, for that he may be subjected to suit at a distant time when proper evidence to repel the claim may have been lost or obscured or other disability arisen. Merritt v. Ehrman, 116 Ala. 278, 22 So. 514. This is particularly true when the notes are negotiable. McCormick v. Fallier, 223 Ala. 80, 134 So. 471; Meredith v. Drennen Motor Car Co., 224 Ala. 84, 139 So. 267.

The court treated the merits of the suit in equity to rescind on account of minority filed after reaching majority in the case of McCarty-Greene v. McCluney, supra, without treating the question of equity jurisdiction. But emphasized the principle that an infant may on arriving at full age rescind his ordinary contracts made during infancy on certain conditions. Bell v. Burkhalter, 176 Ala. 62, 57 So. 460. In those cases the nature of the situation, other than infancy, which gave rise to a remedy in equity was not discussed. But after arrival at full age a court of equity does not exercise any guardianship of his property, as it does while he is still a minor. It is only while he is a minor that he is the ward of a court of equity. First National Bank v. Robertson, 220 Ala. 654, 127 So. 221; Allison v. Cox, 218 Ala. 548, 119 So. 675; Bowen v. Hester, 237 Ala. 321, 186 So. 695. We think the principle which gives equity jurisdiction to rescind because of fraud ought to apply where infancy is the ground for relief. Fraud alone does not justify such relief. It is only where the remedy at law is inadequate. Citizens Ins. Co. v. Mathis, 233 Ala. 146, 170 So. 481; Coltsman v. American Life Ins. Co., 248 Ala. 151, 26 So.2d 596; All States Life Ins. Co. v. Jaudon, 230 Ala. 593, 162 So. 668; National Life & Accident Ins. Co. v.

Propst, 219 Ala. 437, 122 So. 656, 658; Pacific Mutual Life Ins. Co. v. Strange, 223 Ala. 226, 135 So. 477; Davidson v. Blackwood, supra.

The writer of the McCarty case, supra, also wrote the Southern States Fire & Casualty Co. case, supra, and was well aware of the principle that there must be inadequacy of relief at law in order to support rescission in equity. In the McCarty case, supra, complainant sought a rescission and restitution of the consideration he had paid. That involved an adjustment of equities not available at law for he had a lien on the car in his possession to reimburse him.

In the instant case, complainant had outstanding notes, though not alleged to be negotiable, which subjected him to vexatious suit at some distant time when he may not be as well able to defend as at present. At this time no suit is pending in which his liability may be tested.

The demurrer as to any ground urged on this appeal was overruled without error.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.