69 So.2d 291

**LANSDELL et al. v. WILLIS et al.**

**8 Div. 663.**

Supreme Court of Alabama.

Oct. 29, 1953.

Rehearing Denied Jan. 14, 1954.

Wm. Stell, Russellville, for appellants.

Patrick B. Harris, Tuscumbia, for appellees.

SIMPSON, Justice.

This is a proceeding to sell lands of an intestate for division of proceeds among his widow and children as his only heirs and next of kin.

The complainants are his widow and three of his children and defendants are his remaining four children, all of age and his only heirs. The bill sets forth clearly these facts and therefore was not demurrable for a failure to specify the

162

proportionate share of each tenant in common. The bill exhibits the widow's interest in the land and that the interests of the seven children came to them by descent and therefore as a matter of law were vested in them in equal parts. Hence, the law fixes the shares and a specific allegation of figures to that effect was not necessary. Stokes v. Stokes, 212 Ala. 190 (4), 101 So. 885.

■ Nor was § 661, Title 7, Code 1940, inhibiting the sale of a decendent's homestead under certain conditions an impediment to the proceeding where, as here, there were no minor children and the widow consented to the sale and joined in the proceeding to that end. Williams v. Uptagrafft, 232 Ala. 454, 168 So. 570; Judd v. Dowdell, 244 Ala. 230, 12 So.2d 858.

■ The defendant Mrs. Carruth filed an answer and cross bill claiming $30 per month for eighty-four months for services rendered in taking care of her mother, Mrs. Essie Willis, and a small amount for repairs to the property. The trial court decreed against this claim and we think rightly so. There is no clear showing of any agreement between Mrs. Willis and Mrs. Carruth to substantiate the claim. The latter and her family lived on the place and had the benefit of its usufruct most of the period for which the claim is made and we do not regard the claim as well proven. Services rendered and articles furnished by a child to a parent or by a parent to child are presumed gratuitous and the evidence here is too uncertain and unsatisfactory to override this presumption. Duncan v. Johnson, 239 Ala. 183, 194 So. 528; Nelson v. Nelson, 210 Ala. 592, 198 So. 885; Lowery v. Pritchett, 204 Ala. 328, 85 So. 531.

We entertain the view the decree below was proper.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.