## WILLIAM LOCKARD vs. GEO. LOCKARD.

1. A defendant need not demur to a bill that is wanting in equity, but may, at any time, reach the defect by motion to dismiss.

2. When the motion to dismiss, for want of equity, is made at the hearing, no previous notice to the complainant is requisite.

3. If tenants in common agree that one of them shall occupy the joint estate, and pay to the other a stipulated rent for one half the land he cultivates, a court of law is competent to afford full redress for a breach of the contract.

4. A bill, which alleges that the complainant informed the defendant that he should pay him five dollars per acre for one half the number of acres he might cultivate, that he understood the defendant to assent to it, and that he had instituted a suit at law against the defendant for the rent, in which he had failed for want of proof, shews on its face that the remedy at law is complete, and that a court of chancery has no jurisdiction.

5. A bill, wanting in equity, can derive no aid from the answer, and is liable to be dismissed on motion, at any time, although the answer may disclose a case that would entitle the complainant to relief.

6. The allegations of a bill are to be construed most strongly against the complainant.

7. A court of chancery will not interfere with a judgment at law, unless some special ground for relief is shown.

Error to the Chancery Court of Sumter. Tried before the Hon. A. Crenshaw.

THE bill in this case was filed by the plaintiff against the defendant in error, and was dismissed by the chancellor, at the hearing, for want of equity. The facts appear fully in the opinion of the court.

HORT, for plaintiff:

1. The objection to the bill is in the nature of a demurrer to the jurisdiction of the court, of which the complainant should have had previous notice; but none was given until the objection was made in argument. Daniel's Ch. Pl. & P. 607, 939, 1789, 1790, 1795.—1st. The rule in Chancery, (Clay's Digest, 616) which allows a motion to be made at *any time* for dismissing a bill for want of equity, refers rather to the subject matter of the bill, than to the jurisdiction of the court. The distinction is obvious—Daniel's Ch. Pl. & P. 607, and sequel; Cooper's Eq. Pl. 118. 2d. But though this rule is couched in the most general terms, yet this court has shown, that it is to be restricted to proper limits. Andrews and Bro. v. McCoy, 8 Ala. Rep. 925. 3d. By answering the bill fully and completely, the defendant waived the objection, and admitted the plaintiff's right to proceed in equity. It was too late, after going to the hearing on the merits, to raise such an objection. United States v. Sturges, 1 Paine's Rep. 526, 531. 4th. This cause was continued from term to term, and once at least, on the affidavit of the defendant, until the hearing on the 5th June 1846, when the objection was for the first time made. Duke of Leeds v. New Radnor, 2 Brown's Ch. Rep. 516.

2. There is neither any contract for rent alleged in the bill, nor any attempted to be alleged.—1st. There is no *assent* on the part of defendant *alleged*, but the complainant's understanding of defendant's assent is spoken of with *reserve*. Chitty on Con. 4 and 5; Comyn on do. 4; Comyn's Digest, "Action, Assumpsit" F. 2, A. 3 & 4; 1 M. & Selw. Rep. 557.—2d. As to the degree of certainty, "*to a common intent*," which is required to constitute a contract. Dovaston v. Payne, 2 H. Black. Rep. 530.

3. The complainant, as tenant in common, had no remedy at law for the profits from the defendant while occupying in severalty.—Coke's Litt. 172, a.—175, a. n.—186, a.—199 b.— Bacon's Ab. "Joint Tenants" &c. See Jones, et al. v. Chiles,

8 Dana's Rep. 163; Chambers, et al. v. Chambers, 3 Hawks Rep. 232, but his remedy was in equity. Graham's heirs.v. Graham, 6 Munroe's Rep. 562; Wiswell v. Wilkins, 4 Verm. Rep. 137; Shermon v. Ballou, 8 Cowan's Rep. 311; 1 Story's Com. on Eq. § 466–508; Fonblanque's Eq. 156, and note b. 1st. In order to sustain a demurrer for want of jurisdiction to the whole of a bill, it must appear that no essential and substantial part of the complaint is within the jurisdiction of the court; but aside from that part of the bill which touches upon a contract, there is a complete case for equitable relief. Dimmock v. Bixby, 20 Pick. Rep. 368; Boston Water Power Co. v. Boston & W. R. R., 16 Pick. Rep. 512; Daniel's Ch. Pl. & Prac. 651–608; Story's Eq. Pl. § 443–692; 2 Maddox's Chancery, 289; Higginbotham v. Burnett, 5 Johns. Chancery Rep. 184.—2. A demurrer for want of *equity* cannot be sustained, unless the court is satisfied that no discovery or proof properly called for by, or upon the allegations in the bill, can make the subject matter of the suit a proper case for equitable cognizance. The answer and proof deny the equitable part of the bill, and sustain the rest—therefore, upon this principle, the chancellor ought to have decreed relief. Bleeker v. Bigham, 3 Paige's Rep. 246; LeRoy v. Veeder, et al. 1 Johns. Ca. 427; McLaughlin v. Daniel, 8 Dana's Rep. 184; Daniel's Ch. Pl. & Prac. 618.—3d. When a cause depends simply and entirely on the solution of a dry legal question, the proper forum for the determination of that question is a court of law. Attorney General v. Utica Ins. Co., 2 Johns. Ch. Rep. 376; but where the remedy is not clear and certain, and especially where an account for the adjustment of the subject matter of the controversy is necessary, equity will hold jurisdiction. The defeat of complainant in his suit at law, on what he supposed to be a contract, certainly renders any remedy which he might seem to have at law, very doubtful—besides, an account of the value of the profits is necessary in order to settle the matter in dispute between the parties. Weymoth v. Boyer, 1 Vesey, Jr. Rep. 417, 424; Mayor v. Falkrod, 4 Wash. C. C. Rep. 349, 205; 1 Daniel's Ch. Pl. & Prac. 609; Story's Eq. Pl. § 473; Boyce's ex'rs v. Grundy, 3 Peter's Rep. 210; Atkins v. Hill, Cooper's Rep. 288; Fonb. Eq. 12.

4. When the objection to the jurisdiction was made by the

32

defendant, the complainant moved for leave to amend his bill, by negativing still further his statement as to there having been a contract, and thus obviate the objection. The objection in the nature of a demurrer, was made as much out of time as this motion, and equal justice would have allowed the latter, as well as the former. Beauchamp v. Gibbs, 1 Bibb's R. 483; Hunt v. Rousmaniere, 2 Mason's Rep. 342; McElwain v. Ellis, 3 Paige Rep. 505, 440; Daniel's Ch. Pl. & Prac. 479, 480, 481, 411, and last of n. 1; Andrews & Bro. v. McCoy, 8 Ala. Rep. 925; Cooper's Eq. Pl. 334.

R. H. SMITH, for defendant:

1. The promise set out in the bill, was certainly binding, and an action might have been maintained upon it. Indeed the parties having by agreement settled what chancery would otherwise have determined, the sole remedy was in a court of law. Cochran v. Carrington & Pratt, 25 Wend. 409; Thayer v. Brewer, 15 Pick. 226.

2. But supposing the promise did not oust chancery of its jurisdiction, but only gave a right of action at law as a concurrent remedy, then the familiar doctrine comes in that the court which first takes jurisdiction settles the matter.

3. If this bill then can come in, it must be, not upon any ground of jurisdiction proper, but because of some fraud or accident to the suit at law. The complainant has not made out a case to authorise the intervention of chancery. Drew v. Hayne, 8 Ala. 438; French v. Garner, 7 Porter, 549; 3 Stewart, 155; 3 ib. 165; 2 Port. 262; 10 Ala. 595; 5 Porter, 547; 2 Ala. 542; 3 Ala. 521; 8 Ala. 500.

CHILTON, J.—This bill was filed by one tenant in common against his co-tenant to have an account of the rent of a tract of land owned by the parties, and cultivated in the year 1842, by the defendant alone.

The bill charges that the parties own the land as tenants in common, and that the defendant refused to consent to a division, but excluded the complainant from a participation of the rents. That in the early part of 1842, the parties having agreed upon the manner for dividing said tract, the complainant called on the defendant to consummate the division, but he refused, and the said defendant retracted from the said

agreement, alleging that it did not suit his purpose to make a division then or for that year. Upon such refusal, the complainant informed the defendant in the language of the bill, "if he would not divide said land, he should pay him five dollars per acre for one half of the number of acres which he should cultivate of said land for the year 1842, to which your orator understood the said George Lockard to yield his assent. That your orator believing said statement and assent to constitute an agreement between said George Lockard and your orator, by which the said George, was to pay five dollars per acre rent to your orator for one half of the land he should cultivate for the year 1842, orator instituted suit in the County Court of said county to recover," &c.  The complainant then avers thathe filed in the action by reason of not procuring sufficient testimony to prove the agreement aforesaid, &c.

The answer of defendant denies the agreement to pay rent, and insists that he did not exclude the plaintiff from the land, but only cultivated fifty, of one hundred acres of cleared land, leaving the other fifty acres unoccupied.

The case being submitted on bill, answer and proof, the chancellor dismissed the bill for want of equity.  To reverse his decree, the complainant brings the case to this court.

The decree of the chancellor states, that after the case was brought on to be heard, and after the bill, answer and depositions had been read, and the case in part argued, the complainant moved to amend his bill, but the chancellor overruled the motion, for the reason that it came too late.  What the character of the amendments proposed to be made was, we are not informed, and even conceding that the refusal to allow the amendment is a matter reversable on error, we cannot pronounce in this case, that the party has been injuriously affected by it.  But it is insisted that the objection here urged against the bill, to wit, that it shows upon its face that the complainant has an adequate remedy at law, is in the nature of a demurrer, and not having been taken before the trial and before the parties had incurred all the expense consequent upon the prosecution of the cause, should be considered as abandoned.

There is no question but that the objection was proper subject matter for demurrer; but it shows at the same time that the Court of Chancery has no jurisdiction of the cause, if in-

deed, as we shall presently see, the court of law had ample jurisdiction, and could have afforded the complainant adequate relief. The bill then would be without equity, and according to the letter of the statute, subject to a motion to dismiss it *at any time.* Clay's Digest, 616, § 31. In Andrews & Bro's v. McCoy, 8 Ala. Rep. 920, 925, it is said, "a bill which does not allege a cause of action, cannot be entertained, and there is no sensible distinction between the absence of such necessary allegations showing a cause of action, and an alternative admission that no cause of action exists, as the bill must be construed most strongly against the pleader." In that case, one of the alternative averments in the bill, viz, that the defendant in chancery held certain notes in payment of pre-existing debts, showed that the plaintiff was not entitled to recover, but as upon the other alternative he was entitled to the relief sought, this court held, that as the defendant in the bill had taken no objection to the bill in the court below, he could not after a final decree raise the objection for the first time in this court.

It is manifest the case above refered to, and to which we are cited as an authority to show that the defendant in this case could not take advantage of the defect in the bill at the final hearing, does not sustain that position. In the case at bar the defendant did raise the objection, and it was sustained by the chancellor. In the case of Andrews & Bro. v. McCoy, *supra,* the objection was considered as waived, not having been taken in the court below, and for that reason, was disallowed in this court.

The authorities cited by the counsel for the plaintiff in error show very clearly, but for the 31st rule of chancery practice, which we have adopted, (Clay's Digest, 616,) the defendant below, not having availed himself of the objection by demurrer, could not, upon the hearing, have insisted upon it as ground for dismissing the bill—according to the generally received practice in courts of equity, if the defendant had demurred, and had embraced the same matter in his answer which is covered by his demurrer, the effect of the answer would have been to have overruled the demurrer. Story's Eq. Pl. § 465, and authorities cited. Our rules of practice are very different. In this State, the defendant may embrace

all the matter of his plea and demurrer in his answer, and is entitled to the same benefit thereof as if the same had been pleaded. Clay's Digest, 351, § 36; Crawford, et al. v. Childress, 1 Ala. Rep. 482. Neither is it required to file a replication to an answer, but in all cases where the answer shall have been filed ten days before the sitting of the court, or the bill is taken *pro confesso* for want of an answer, the cause regularly stands for trial at the next sitting of the court. Ib. § 38. Inasmuch as submitting to answer is not under the influence of our statutes a waiver of the party's right to object to the want of equity in the bill, and as such objection may be made at *any time*, even though the party has failed to answer, and the bill has been taken for confessed against him, it is very certain that he did not, in this case, lose his right to make the motion to dismiss at the hearing—Freeman et al. v. McBroom, 11 Ala. Rep. 943; and further, that as the statute fixes upon the term when the cause is to be tried, no notice is required to be given the opposite party of the motion to dismiss. He is presumed to be in court by his counsel, who in this case, as the decre shows, was actually in court, and argued the cause. The question then recurs, does the bill upon its face show equity—if it does not, under the principles above laid down, the chancellor correctly dismissed it.

Conceding that the court of chancery has jurisdiction to compel an account and to decree compensation between tenants in common of real estate, where one has received of the rents and profits more than his share, and refuses to account, still there cannot exist a doubt, where the parties contract for a several occupation of the land, and agree that the occupant shall pay therefor to his co-tenant a stipulated sum, that a court of law has ample jurisdiction to award damages for a breach of the contract, for this amounts to a temporary severance of their tenancy in common, and the party who disposes of his interest in the term to his co-tenant is as much entitled to his action to recover the price, as he would have been had he sold the entire interest to him. In the case at bar, the complainant informed the defendant that he should pay him for the occupation during the year 1842, the sum of five dollars per acre, for one half the number of acres he, the defendant, should cultivate during that year, and complainant *understood*

Lockard v. Lockard.

*the defendant to consent thereto,* and to enforce that contract the complainant instituted his action at law, but failing to procure sufficient proof of the contract, was defeated. He does·not aver in his bill, that he was mistaken as to the existence of a contract, but fails in any manner to explain these expressions so as to negative the idea of its existence. It is then too obvious to require argument or illustration that we are bound, from the expressions used, to infer a contract existed. If the complainant understood the defendant to yield his assent to his proposition to pay him for half the land cultivated, five dollars per acre, and leaves the matter of the contract standing alone upon this allegation without any explanation, how is it possible for the court to come to a different conclusion upon a motion to dismiss the bill for want of equity, which assumes that the allegations of the bill are true? It is not sufficient that according to the case made by the answer of the defendant, the complainant is shown to be entitled to equitable relief. He must make out his title to relief by his bill, and if the allegations therein contained, when admitted as true, fail to make out such a case as comes within the jurisdiction of the court, or entitles the complainant to some relief, his bill is liable to be dismissed at any time upon motion for want of equity. The allegations must warrant the decree, as well as the proof. 9 Porter, 211; 1 Ala. Rep. (N. S.) 330; 3 ib. 421; 6 ib. 518. Was there any doubt in regard to the meaning or construction of the allegation above alluded to in this bill, the general rule which requires it to be construed most strongly against the pleader, at once puts the question to rest. See Andrews & Bro. v. McCoy, *supra.* The effect then of this averment is not only that the complainant has his remedy by action at law, but he goes on further to show that he has invoked the aid of the law court and has been defeated, not upon the ground that no contract existed; but because he did not procure sufficient proof of it. This court has uniformly decided that the Chancery Court will not overhaul judgments at law, unless upon some special equitable ground being shown for its interference, such as fraud, unavoidable accident, and the like.

Our conclusion is, that the decree was, under the circumstances, entirely correct, and it is therefore affirmed.