CASE 33—PETITION EQUITY—SEPTEMBER 28.

# Watson vs. Cross.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. An innkeeper is bound to receive and entertain all applicants, whether adults or infants, who are apparently responsible, and of good conduct; if he refuses, he will be liable to an indictment, and also to the action of the person aggrieved.

2. An infant may, in general, avoid his contracts which are not for necessaries; but the law will not allow him this privilege where the contract, on the part of the adult, is legally compulsory.

3. Entertainment furnished by an innkeeper to an infant, not knowing that the latter is acting contrary to the wishes of his guardian, is necessary, and the price recoverable on that ground.

4. An innkeeper has a lien on the baggage of his infant guest for the price of his entertainment; and also for money furnished the infant and expended by him in procuring necessaries.

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought against appellant to recover, specifically, a watch and trunk, or their value, which are alleged to be the property of appellee, who sues as an infant. Appellant answers, and claims that, in 1860, at the time said property came to his possession, he was a licensed innkeeper in Frankfort; that appellee became his guest, and remained with him two weeks; that his entertainment, for that time, was worth $28; that he also loaned him $15 to go after his trunk, and $12 to pay his traveling expenses to Maysville, where he resided; and claims that he has a lien on the watch and trunk, as an innkeeper; and that, in addition thereto, appellee also pledged them as security for the payment of the above named sums of money, amounting to $55.

It appears that appellee was an infant, and had been placed by his guardian at the Kentucky Military Institute, near Frankfort; but that he left there and came to Frankfort, staid at the hotel of appellant for two weeks, and then went to his home at Maysville, no doubt using the money furnished by appellant in payment of his traveling expenses, for it is manifest he had none of his own.

The cause was transferred to equity, and the circuit court on final hearing, rendered a judgment for appellee for the value of the watch, chain, and trunk, to reverse which this appeal is prosecuted.

It is contended that appellee, being an infant, and his guardian having provided for him at the Military Institute, and he having absented himself therefrom without permission, appellant is not entitled to recover for his entertainment or for the money furnished him.

Appellant, being an innkeeper, was legally bound to receive and entertain all guests apparently responsible and of good conduct, who might come to his house; and, if he refused to do so, he was liable alike to an indictment and an action by the party aggrieved; and the mere fact of infancy alone in the applicant would not justify him in any such refusal. As the application of appellee for entertainment was not, so far as the proof discloses, attended with circumstances which showed that he was acting in disregard of his guardian's wishes, and there is no evidence that appellant knew that was the case, he would not have been justified in refusing him merely because of his infancy and consequent legal disability to contract, and, especially, as the proof tends to support the allegation of the answer that he had the appearance of a person fully grown. Under the facts as presented before him, he might well conclude that it was his legal duty to receive appellee as a guest, and that being the case, the contract was, on his part, compulsory, and the law will not render such a contract on the other side either void or voidable, upon the simple ground of disability arising from infancy. Where a party voluntarily contracts with an infant, then the infant may avail himself of his legal disability and avoid the contract, if not for necessaries; but to apply the principle to contracts which are compulsory on the side of the other contracting party, would be to make the law an instrument of oppression. It would be a legal absurdity to compel a man to make a contract, and, at the same time, permit the other party, who is the instrument of such compulsion, to avoid such contract.

Watson vs. Cross.

Independent of this view, the entertainment furnished was necessary, and could be recovered on that ground. It is proper to say that there is nothing in the record to show that Watson had any knowledge that appellee was improperly absent from the school at which he was placed by his guardian, or that he intended, in what he did, to aid him in disregarding the arrangements made by the guardian for his ward.

As to the $12 furnished to pay traveling expenses to the home of appellee, although it cannot be recovered as borrowed money from the infant, yet, as the parties to whom it was paid for traveling expenses of appellee could have recovered of him the value of their respective services as necessaries, the appellant may, equitably, be substituted to their rights, as he, in effect, paid them what the infant was bound for, and on that ground recover the $12, which does not seem to have been more than was necessary and proper to be furnished to pay the expenses of a trip from Frankfort to Maysville.

The appellant has manifested no right to recover the $15, there being nothing in the record to show that the money was furnished, or that it was expended for necessaries; and the infant had no legal capacity to borrow money and bind himself therefor.

It is a well-settled principle that an innkeeper has a lien on the property of his guests for the price of his entertainment; and upon this ground appellant had a right to retain the property sued for until the $28 and its accruing interest was paid or tendered; and as the $12 was furnished upon the faith of his being in the possession of the property, and under circumstances to make the infant liable therefor, the chancellor will not permit the possession to be disturbed until it is paid. The appellee seeking equity must do equity, and his infancy cannot take him out of the operation of this principle.

The judgment of the circuit court is, therefore, reversed, and the cause remanded, with instructions to dismiss plaintiff's petition, and to render judgment for appellant upon his cross-petition for the $28 and $12, with interest thereon from the 5th day of December, 1860, until paid, and for a sale of the watch, chain, and trunk, or so much thereof as will pay said judgment and the costs in the circuit court.