# Strickland *et al.* v. Gay, Hardie & Co.

*Bill in Equity to have Conveyance by Debtor declared a General Assignment, and for Appointment of Receiver.*

1. *Bill to have sale declared a general assignment; appointment of receiver.*—When in a bill filed by creditors to have a conveyance by their

debtor declared a general assignment for the benefit of all his creditors, under section 1737 of the Code, as amended by act approved February 21, 1893, (Acts 1892-93, p. 1046), it is averred that the conveyance in question was for an express, present, cash consideration, and that the goods conveyed embraced substantially all the property owned by the grantor debtor, but it is also further averred that the grantor has book-accounts, notes and mortgages subject to his creditors' claims, and there is a special prayer for the appointment of a receiver to take possession of the goods conveyed and the accounts, notes and mortgages, with power to sell the goods, but there is no prayer for any disposition by the receiver of the accounts, notes and mortgages, such bill is repugnant in its allegations and wholly without equity, and will not justify the appointment of a receiver.

· 2. *Same; injunction.*—In such a bill, where it is shown that before the filing of the bill the sheriff levied attachments, at the suit of other creditors, upon a part of the goods conveyed by the debtor, and had them in his custody when the bill was filed, the property levied on can not be taken from the custody of the sheriff and delivered to the receiver to be appointed, unless the further prosecution of the attachment suits is enjoined; and, hence, there should be a prayer in the bill for such an injunction.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants, as creditors of D. D. Strickland, against the appellees. The facts of the case are sufficiently stated in the opinion.

H. H. BLACKMAN, for appellants.—1. The decree of the court below is contrary to the established principles of law, and is erroneous.—*Moritz & Weil v. Miller*, 87 Ala. 331; *Thompson v. Tower Manfg. Co.*, 87 Ala. 733; *Dollins & Co. v. Lindsey & Co.*, 89 Ala. 217; *Word v. Word*, 90 Ala. 81.

2. Before the bill was filed in this cause, as seen from the pleadings, the goods were in the custody of the law—in the hands of the sheriff by virtue of attachments issued out of the circuit court, and levied on the goods by him. It was, therefore, error to take the property from such custody, and place it in the hands of a receiver, there being no paramount lien.—*Rives v. Wellborn*, 6 Ala. 45; *Langdon v. Brumby*, 7 Ala. 53; *Read v. Sprague*, 34 Ala. 101; *Dollins & Co. v. Lindsey & Co.*, 89 Ala. 217.

BORDERS & CARMICHAEL, *contra.*—The facts constituting the equities of the bill are not denied in the answer.

The facts set up in the answer clearly show that the sale falls under the influence of the recent statute declaring that such a sale shall operate to the equal benefit of all the creditors of the grantor.—Acts of 1892–93, p. 1046.

HEAD, J.—The bill in this case is wholly without equity. It is filed by certain creditors of D. D. Strickland, open to all; and, we gather from the brief, that its purpose is to have a certain transfer of a stock of goods made by Strickland to his wife, Eliza Strickland, declared a general assignment for the benefit of all his creditors, under section 1737 of the Code, as amended by the act of February 21, 1893.—Acts 1892–93, p. 1046. Prior to this amendatory act, an absolute sale by a debtor of all his property, either upon a present consideration or in payment of an existing debt, was not within the statute, and could not be declared a general assignment for the benefit of creditors. The amendment makes no change whatever in the existing law except to bring within the statute absolute conveyances by a debtor of substantially all his property in payment of a prior debt; placing such conveyances upon a similar footing with conveyances for the security of debts, prior to the amendment. This bill shows that the conveyance in question was upon an express, present, cash consideration of three thousand dollars. It is fatally bad also in that it shows, by affirmative averments, that the conveyance does not embrace substantially all the debtor's property subject to his debts; for, whilst the pleader alleges that the goods conveyed embraced substantially all the property owned by the grantor, yet the allegation is immediately followed by, and connected with, the express averment that said D. D. Strickland has book accounts, notes and mortgages subject to the satisfaction of the creditors' claims; and there is a prayer for a receiver to take charge of them, though they have no connection whatever with the conveyance to Mrs. Strickland. Taking the averments most strongly against the pleader, the repugnant allegation that the conveyance embraced substantially all the debtor's property will be rejected, in considering the equity of the bill.

The special prayer of the bill is that a receiver be appointed to take possession of the goods conveyed to Mrs. Strickland, and the accounts, notes and mortgages, with

power to sell the goods at public or private sale, for cash or on credit, as he may deem best; and that the proceeds be divided among complainants according to law. There is no prayer for any disposition, by the receiver, or court, of the accounts &c. There is no motion by the respondents to dismiss the bill for want of equity. Some grounds of demurrer are assigned but they do not raise the vital questions, and these have not been passed on by the chancellor. After the conveyance to Mrs. Strickland, and before this bill was filed, the sheriff levied an attachment on a part of the goods as the property of the grantor, Strickland, and had them in his possession when the bill was filed. These attaching creditors are made parties defendant, though no injunction or other relief is prayed against them, except that the receiver be ordered to take the goods levied on under their attachments out of the possession of the sheriff, and be, by him, sold for the use of complainants; the result of which may be that the attachment proceeding, in the court of law, may go on to judgment and condemnation of the property levied on, whilst the sheriff has been dispossessed by the receiver, and will be unable to have the property to respond to the judgment. On the 6th October, 1893, the register, without notice to the respondents, appointed a receiver to "take charge of the stock of goods mentioned in the bill, dispose of the same as prayed for in the bill and hold the proceeds thereof until the further orders of the court." The respondents appealed to the chancellor, and moved to discharge the receiver. On October 27th, 1893, the chancellor made an order denying the motion and from that order respondents appeal to this court.

It results from the want of equity in the bill that the receiver was improperly appointed, and the chancellor erred in confirming his appointment. The order in that behalf will be reversed, and an order here made vacating the appointment of the receiver.

If the bill shall be so amended as to allege that the conveyance to Mrs. Strickland was in payment of prior indebtedness owing by her husband to her, and the averment that there was other property belonging to the grantor, D. D. Strickland, shall be stricken out, the bill will contain equity, and upon the bill as amended being verified, the appointment of a receiver will be proper,

[McDonald v. Cox.]

unless a countervailing showing against it is made by the respondents. In order to take the property levied on, under attachments from the custody of the sheriff, if a receiver shall be hereafter appointed, there should be a prayer in the bill for injunction of the further prosecution of the attachment suits by the plaintiffs therein, and such prosecution actually enjoined, by the order of the chancellor, and the giving by complainants of the proper bond. The goods can not be lawfully taken from the sheriff whilst the attachments are being prosecuted, for the reason that they may proceed to judgment and condemnation of the property, placing the sheriff in the condition of being compelled to respond for the property levied on, when the same has been taken from his possession.

Reversed, rendered and remanded.