# Bell *v*. Burkhalter, *et al.*

### *Bill to Declare Deed Void, and to Remove as Cloud on Title.*

#### (Decided January 30, 1912.   57 South. 460.)

1. *Infants; Contracts; Advoidance or Ratification.*—An infant's contract being merely voidable, he may, on arriving at majority, repudiate or avoid it, or he may ratify it without any new consideration.

2. *Same; Return of Consideration.*—Where an infant has wasted or consumed the consideration which he received upon his contract, during his minority, he is not required to refund it, or its equivalent in money, or to place the party in statu quo, either by law or in equity; to require this as a condition of the avoidance of his contract, when he does not have the possession or control of the consideration or its proceeds, would deprive him of that protection against his improvidence and incapacity which the law designs to give.   But when he attains majority and comes into a court of equity to be relieved from his contract, he must tender or offer to return as much of the consideration as he actually or constructively retains, or so much as he has in his power to return.

3. *Same; Disposition of Consideration.*—In an action by one who has attained his majority and by a married woman over eighteen years of age (section 4490, Code 1907) to set aside a conveyance made by them while infants, an averment that they had disposed of all the money received by them for their interest in the land, and were therefore unable to refund it, is not sufficient to relieve them from an offer to do equity, as for aught that appears, they may have disposed of the proceeds after attaining their majority.

4. *Same; Deducting Consideration From Damages.*—Where a bill is filed to set aside a conveyance made while complainants were infants, and the consideration for the conveyance had been disposed of during minority, complainants need not offer to do equity by offering to let their part of the damages for waste committed by the respondents be deducted from the consideration paid them, as this would not place them in statu quo, but would enable the respondent to defeat restoration in part at least.

5. *Husband and Wife; Conveyance by; Joinder of Husband.*—The provision of section 4494, requiring that the husband should join in the wife's deed has no application to deeds by non-resident married women.

6. *Cancellation of Instruments; Pleading; Husband's Joinder.*—An allegation in an action by a married woman to set aside her conveyance because the husband did not join therein, that the husband was of sound mind and resided with his wife, and did not give his assent to the conveyance as required by the statutes of the

state of Alabama, avers in effect that the wife resided in Alabama, and was good against a general demurrer.

7. *Life Estate; Interest; Timber.*—While a life tenant is entitled to the use of the wood and timber, he cannot go to the extent of committing a waste or making a sale thereof.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Judie Burkhalter and others against A. E. Bell to declare certain deeds void and to cancel same as cloud upon title. From a decree overruling demurrers to the bill, defendant appeals. Reversed, rendered, and remanded.

Paragraph 1 states the name, age, and residence of complainants and respondents. (2) Complainants are the children and heirs at law of Elvira Brown, who died previous to the filing of the bill; that said Elvira Brown owned during her life a large body or tract of land, which is herein described; that during her lifetime, and while her husband was still living, she attempted to give or sell a part of the land above described to different ones of her children (setting out the children to whom and the quarter sections of land for which deeds were executed); that at the time the above-described deeds were made John Brown, the husband, was living, and of sound mind, and that none of the above-described deeds were ever signed or executed in any way by the said John Brown, nor did the said John Brown give his consent in writing to the making or execution of said deed. (3) That on August 31, 1906, after the death of Elvira Brown, the following named parties, to wit, Lutera Brown, Lula Brown, Elvira Brown, Annabel Brown, Dora Pate, Sallie M. Pate, Ben A. Brown, and John Brown, who was the husband of Elvira Brown, the others being heirs at law and children of said Elvira Brown, made and executed to R. D. Algee, a deed to the following described land. It is averred then, that

Jodie and William Burkhalter and Mary Skelton did not join in said deed, and have not at any time since executed a deed, and that the complainants Lutera and Lula Brown were each under the age of 21 years at the time they executed the agreement; and complainants aver, further, that they, the said Lutera Brown and Lula Brown, have disposed of all the moneys received by them for their interest in said land, and are therefore unable to refund the same. (4) It is further averred that Algee executed a deed to the above-described land to E. E. Cox, and the said E. E. Cox conveyed the land to A. E. Bell, and that the said Bell went into possession of the said land under the deed executed by said Cox, and has cut down and is still cutting a vast quantity of timber off of said lands for sawmill and other purposes, and that the chief value of the land consists in the timber growing upon the land, and that the said Bell, by so cutting the timber, is causing it to become less in value, and causing irreparable injury to the reversion of these complainants. (5) It is averred that Elvira Brown is dead, intestate, and that the complainants herein are heirs of the said Elvira Brown. The prayer is for a reference to ascertain the amount of the timber cut, that the deeds executed by Elvira Brown to her children be declared null and void and canceled, and that the deed of John Brown be declared void, in so far as the same purports to convey the interest of Lula and Lutera Brown, and that it be reformed, so as to show what interest it does convey; also for an injunction preventing Bell from cutting timber from said land, and that the said Bell be required to make bond, payable to the defendant, on the death of said John Brown, in such sum as the reversionary interest of these defendant in and to the timber already cut by said Bell is shown by the evidence to be worth. Grounds of demurrer were as

follows: The complainants Lutera and Lula Brown do not offer to do equity. (2) Lutera and Lula Brown do not offer to refund the purchase money paid them for their interest in the land by Algee, under whom the defendants claim title. (5) The averments of said bill show that said bill is without equity. (6) the averments of said bill show that the complainants are not entitled to the relief prayed for therein.

HENRY A. JONES, for appellant. Counsel discuss the allegations of the bill and the demurrers thereto, but without citation of authority.

JOHN S. STONE, and PATTON & PATTON, for appellee. No brief reached the Reporter.

ANDERSON, J.—"As a result of the voidable nature of an infant's contracts, he has the right, upon arriving at his majority, to repudiate them; so, also, may he, when his minority ceases, ratify and confirm them; and this without any new considerations.—*American Mortgage Co. v. Wright,* 101 Ala. 658, 14 South. 399; *Sharp v. Robertson,* 76 Ala. 343; *Shropshire v. Burns,* 46 Ala. 108; *West v. Penny,* 16 Ala. 186; *Thomasson v. Boyd,* 13 Ala. 419; *Jefford v. Ringgold,* 6 Ala. 544. If the infant has, during minority, wasted or consumed the consideration which he received for his contract, he is not required, either at law or in equity, to refund it, or its equivalent in money, or to place the other party in statu quo. Some authorities require this; but we have adopted the rule, in accordance with reason and the great weight of authority, that to require restitution from the infant, as a condition to the avoidance of his contract, when he has, during his minority, used or consumed the thing received, so that he has not in his possession

or under his control the consideration or its proceeds, would be to deprive him of that protection against his improvidence and incapacity which the law designed.—*Eurake v. Edwards,* 71 Ala. 248 [46 Am. Rep. 314]; *Craig v. Van Bebber,* 100 Mo. 584 [13 S. W. 906] 18 Am. St. Rep. 569; *Engelbert v. Troxell* [40 Neb. 195] 58 N. W. 852 [26 L. R. A. 177, 42 Am. St. Rep. 665] and authorities there cited.

"The right of an infant to avoid his contracts is intended, however, solely for his protection during that period when it may be supposed he is unable, from incapacity or inexperience, to fully protect himself in making agreements and was never designed to be used as a means of profit to accrue to him after he became of lawful age. So it is that when the infant, upon reaching his majority, yet retains what he received by virtue of his contract, or any substantial portion thereof, or the proceeds thereof, the rule is quite different, and he may not repudiate or disaffirm his contract, except upon condition that he restores or abandons to the use of the other party that which remains in his possession of the consideration received. He will not be allowed, as an adult, to hold and enjoy the benefit of his contract, and then escape its burdens. This would turn his disability into a weapon of dishonesty. If he comes into a court of equity to be relieved of his contract, he must tender or offer to return so much of the consideration as he actually or constructively retains, and has it in his power to return.—*Eureka v. Edwards,* 71 Ala. 257; *Manning v. Johnson,* 26 Ala. 446 [62 Am. Dec. 732]."—*American Freehold Land Mortgage Co. v. Dykes,* 111 Ala. 187, 188, 18 South. 294, 56 Am. St. Rep. 38.

The complainants, Lutera Brown and Lula Brown, attempt to avoid the offer to do equity by the averment that they "have disposed of all the money received by

them for their interest in said land, and are therefore unable to refund the same." This averment is not sufficient to relieve them from the offer to do equity as they may have disposed of the proceeds of the sale, or a substantial portion of same, after reaching the age of majority, and the law relieves them from offering to restore the consideration of the contract, or so much thereof as was disposed of during minority only. The bill avers that Lula Brown is over 21 years of age and that Lutera Brown was a married woman over 18 years of age; and section 4499 of the Code of 1907 relieves married women over the age of 18 years of the disabilities of minority. The bill was subject to grounds 1 and 2 of the respondent's demurrer, which should have been sustained.

We cannot agree, however, with appellant's contention that, even if the said parties disposed of all of the money during minority, they should offer to do equity by offering to let their part of the damages for waste be deducted from the purchase money paid them. This would not place them in statu quo, but would enable the respondent to defeat a restoration, at least in part, by denuding the land of the timber, and they would be entitled to what they sold, and not merely to so much as was undisposed of by the respondent.

None of the complainants, except Lula and Lutera Brown, who were repudiating their deeds, can maintain this suit if the deeds from Mrs. Elvira Brown to her children were valid. The bill does not aver the residence of Mrs. Brown when she executed said deeds; and if she was not at the time a resident of Alabama the failure of her husband to join in the deeds did not render them invalid.—*Hughes v. Rose,* 163 Ala. 368, 50 South. 899; *High v. Whitfield,* 130 Ala. 444, 30 South. 449; section 4494 of the Code of 1907. The bill avers that the said husband was of sound mind and resided with

[Bell v. Burkhalter, et al.]

his wife, and did not give his consent to the sale, "as required by the statute of Alabama." It does not aver that the wife resided in Alabama, and which was essential to make his consent necessary; but it does aver, by way of conclusion, that he did not give his consent, as required by the statute, thus averring, in effect, that she did reside in Alabama; else consent was not required by the statute. This manner of averment may be subject to an apt demurrer, but cannot be reached by the general demurrer for want of equity, as contended by appellant's counsel, and which is the only point made against the bill by grounds 5 and 6 of the demurrer.

Since this case must be reversed, it is needless for us to pass on the remaining insistence, except to suggest that the decree, enjoining the respondent from cutting timber in the future, and in making him account for all timber already cut, was rather broad. Bell owned the life estate of the father, John Brown, in all of the land, and as a life tenant he was entitled to the use of the wood and timber to the extent of committing no waste or selling same.

The decree of the chancery court is reversed, one is here rendered sustaining grounds 1 and 2 of respondent's demurrer, and the cause is remanded. All the Justices concur, except DOWDELL, C. J., not sitting.

Reversed, rendered, and remanded.