**HINES, Director General of Railroads, v. SEIBELS. (3 Div. 442.)**

(Supreme Court of Alabama. June 17, 1920.)

**1. Executors and administrators ☞51—Damages for death vest in distributees without administration.**

Damages collected in action brought under the homicide act for the wrongful death of an intestate vest exclusively in the distributees of the estate without administration; the administrator being only holder of naked title, which will not prevail against one to whom the equitable title and rightful possession have passed.

**2. Death ☞25—Rule as to release from heirs not applicable to minors.**

Where person liable for wrongful death compromises and obtains release from the sole heir and distributee, under no disability, as of minority, to make the settlement and to give the release, and the administrator brings suit for the death, the release is available, 'not only at law, but in equity, as basis for bill to enjoin the administrator's suit; a rule not applying as against distributees under disability of infancy, who have not affirmed the compromise after removal of the disability.

**3. Equity ☞153 — Allegations taken against pleader.**

Pleadings are taken against the pleader in equity as at law, and no advantage to complainant can be claimed from vague and indefinite allegations in his bill.

<hr />

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Infants ⬅57(1)—Right to ratify compromise with infant heirs personal to them.**

Complainant Director General of Railroads, who has compromised with minor heirs and distributees of a person killed a claim under the homicide act for damages for his death, cannot claim the right to ratify the agreement and maintain suit for affirmance or disaffirmance against the minors; ratification being as much a personal right to an infant as disaffirmance.

**5. Infants ⬅49—Bills to enjoin breach of contract for services without equity.**

Bills to enjoin an infant's breach of contract for personal services are without equity.

**6. Infants ⬅58(2)—Minor may avoid settlement, though he has spent consideration.**

Though the minor has wasted or spent the consideration received, he may avoid settlement made during minority, without offering to return the property or money received by him, or to restore the status quo.

**7. Trusts ⬅257—Cestuis must be parties to bill against trustee.**

The cestuis que trust are required in equity to be made parties to bill against the trustee in suit affecting the trust and their rights.

Appeal from Circuit Court, Montgomery County; Wm. L. Martin, Judge.

Bill by Walker D. Hines, as Director General of Railroads, in charge of the Western Railway of Alabama, against R. E. Seibels, as administrator of the estate of M. L. Fortson, deceased, to enjoin an action at law for damages for the death of said decedent. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The bill alleges the death of Fortson, but denies any responsibility for the accident causing his death and the existence of any liability now or heretofore on account thereof. Nevertheless, and to avoid expensive litigation, complainant did make a settlement with the sole heirs and distributees of the said M. L. Fortson paying them a valuable consideration by way of compromise and settlement of the claims, and receiving from them a release and discharge from all further liability, of whatsoever kind, growing out of or connected with said accident and the death of decedent. It is alleged that said decedent left surviving him his father and mother, E. W. and Josephine Fortson, and minor children, Warren and Willis Fortson, who had no legal guardian, and a former wife, Annie Johnson, who was married to him a good many years ago, but who was divorced from him approximately four years prior to his death, and that the said Warren and Willis Fortson were the sole heirs and distributees of said M. L. Fortson, but that said release was executed by each of the above-named parties. The bill then alleges a suit by R. E. Seibles, the duly appointed administrator of the said M. L. Fortson, notwithstanding the release and discharge above adverted to.

Steiner, Crum & Weil, of Montgomery, for appellant.

The court erred in sustaining the demurrers interposed to the bill. 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225; 46 Ala. 108; 72 Ala. 318; 76 Ala. 343; 94 Ala. 223, 10 South. 431; 148 Ala. 283, 41 South. 768; 111 Ala. 572, 20 South. 437; 64 Ala. 410, 38 Am. Rep. 13; 15 Ala. 85; 176 Ala. 314, 58 South. 311, Ann. Cas. 1915A, 561; 180 Ala. 39, 60 South. 61; 197 Ala. 246, 72 South. 437; 184 Ala. 223, 63 South. 159, 47 L. R. A. (N. S.) 543, Ann. Cas. 1915B, 672; 158 Ala. 470, 48 South. 546; 176 Ala. 62, 57 South. 460.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The bill is without equity. 85 Ala. 313, 4 South. 705; Sims, Chancery, p. 127; 14 R. C. L. 247; 22 Cyc. 616; 169 Ky. 633, 185 S. W. 122, L. R. A. 1916E, 682, Ann. Cas. 1918B, 824; 62 Misc. Rep. 95, 113 N. Y. Supp. 309; 176 Ala. 62, 57 South. 460; 16 Cyc. 235; 193 Ala. 364, 69 South. 574; 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225.

THOMAS, J. The bill prayed injunction against a personal representative to prevent the prosecution at law of an action for damages for the wrongful death of intestate where settlement by compromise had been made with the sole heirs and distributees.

[1] Damages collected in action brought under the homicide act for the wrongful death of an intestate vest exclusively in the distributees of the estate without administration. The administrator is only the holder of the naked title, and this title will not prevail against one to whom the equitable title and rightful possession has passed. Kennedy v. Davis, 171 Ala. 609, 612, 55 South. 104, Ann. Cas. 1913B, 225. Neither have creditors a claim, right, or title to or interest in the damages. Griswold v. Griswold, 111 Ala. 572, 577, 20 South. 437.

. [2] Where a person liable for the wrongful death of another compromises therefor, and obtains a release from the decedent's sole heir and distributee, who is under no disability to make such settlement and give such release, and thereafter the administrator of the decedent's estate brings suit for such wrongful death, the release is not solely available at law, but in a court of equity, as the basis for a bill to enjoin a suit at law for such wrongful death. Kennedy v. Davis, supra.

[3] Such is not the rule as against a sole legatee and distributee under a disability—as infancy—where the compromise and re-

lease are made, but same havè not been affirmed after removal of the disability. That is to say, such rule does not obtain against a minor. Rogers v. De Bardeleben Coal & Iron Co., 97 Ala. 154, 12 'South. 81; T. C., I. & R. R. Co. v. Hayes, 97 Ala. 201, 12 South. 98; Collins v. Gillespy, 148 Ala. 558, 41 South. 930, 121 Am. St. Rep. 81; McLaughlin v. Beyer, 181 Ala. 427, 61 South. 62; Smith v. Redus, 9 Ala. 99, 44 Am. Dec. 429; 14 R. C. L. 288, § 56. The bill avers the minority of the sole heirs and distributees when the alleged settlement was made, the release executed, and the bill filed. These facts were presented by appropriate grounds of demurrer. Construing the bill most strongly against the pleader, it affirmatively appears that the parties with whom the settlement was made were minors. The bill fails to allege the age of the minors, and for aught appearing they were under the age of 7 years. Pleadings are taken against the pleader, in equity as at law. Strickland v. Gay, 104 Ala. 375, 16 South. 77; Lewis v. Mohr, 97 Ala. 366, 11 South. 765; Stubbs v. Leavitt, 30 Ala. 352; Lockard v. Lockard, 16 Ala. 423. That is, the equity of the bill will be considered from the facts as the plaintiffs present them (Smith v. Teague, 119 Ala. 385, 24 South. 4), and no advantage to complainant can be claimed from vague and indefinite allegations in his bill. Underhill v. Mobile, etc., Co., 67 Ala. 45.

[4] Complainant says in argument that, admitting the settlement was not binding on the infants, only they or the chancery court for them have the right of avoidance. The complainant cannot claim the right to ratify the agreement and maintain this suit for affirmance or disaffirmance against the minors. It has been held in other jurisdictions that ratification is as much a personal right to an infant as is disaffirmance. For analogous authority, see Bell v. Burkhalter, 176 Ala. 62, 57 South. 460; Jefford's Adm'r v. Ringgold & Co., 6 Ala. 544, 547; Shropshire v. Burns, 46 Ala. 108, 115; 14 R. C. L. 250, 251, § 29; 43 L. R. A. (N. S.) 717, note.

[5] Bills to enjoin an infant's breach of contract for personal services have been held to be without equity. In Cain v. Garner, 169 Ky. 633, 639, 185 S. W. 122, 125 (L. R. A. 1916E, 682, Ann. Cas. 1918B, 824), the court said:

"It is a simple contract for the personal services of an infant, for a stipulated compensation to the father. The case, therefore, is reduced to the simple proposition of enforcing the executory contract of an infant. It is elementary law that, except for necessities, an infant may avoid any contract made by him during infancy. 1 Bl. Com. 465; 22 Cyc. 580; Breckenridge v. Ormsby, 1 J. J. Marsh. 236, 19 Am. Dec. 71; Watson v. Cross, 2 Duv. 147; Forsee's Adm'r v. Forsee, 144 Ky. 171, 137 S. W. 836."

See, also, Aborn v. Janis, 62 Misc. Rep. 95, 113 N. Y. Supp. 309, affirmed without opinion in 121 App. Div. 923, 106 N. Y. Supp. 1115.

[6] Though the minor has wasted or spent the consideration received, he may avoid a settlement made during minority, without offering to return the money or property received by him or to restore the status quo. Any other rule would deprive an infant of "that protection against his improvidence and incapacity which the law designed." Bell v. Burkhalter, 176 Ala. 62, 66, 57 South. 460, 461.

[7] Aside from this, the cestuis que trustent in instant suit in equity are not made parties to the bill, as required by the rule obtaining in courts of equity. Town of Carbon Hill v. Marks, 86 South. 903; [1] Lebeck v. Fort Payne Bank, 115 Ala. 447, 453, 22 South. 75, 67 Am. St. Rep. 51; Stone v. Hale, 17 Ala. 557, 52 Am. Dec. 185; Walker v. Miller, 11 Ala. 1067, 1068; Sprague v. Tyson, 44 Ala. 338; Nunnelly v. Barnes, 139 Ala. 657, 36 South. 763.

The judgment is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post. p. 622.