(109 So. 574)

**COMMERCIAL CREDIT CO. v. WARD & SON AUTO CO. (4 Div. 282.)**

(Supreme Court of Alabama. June 17, 1926.)

**1. Pleading ⬅216(3).**

Although count may contain other defects, only those stated in demurrer may, in view of Code 1923, § 9479, be considered.

**2. Bills and notes ⬅293.**

Payee, by indorsing note without recourse and delivering it to plaintiff, thereby warranted, in view of Code 1923, §§ 9064, 9091, that maker had capacity to contract as evidenced by note.

**3. Infants ⬅47.**

An infant is not bound by his contract except for necessaries, if equal and reasonable.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Infants ⬪⟊57(1), 58(1).**

·In view of Code 1923, §§ 8280–8287, a minor's ·contract generally is voidable, and he may repudiate or ratify it after majority.

**5. Infants ⬪⟊52.**

Where minor had no legal capacity to make note, he is not bound thereby.

**6. Bills and notes ⬪⟊299.**

Where warranty of payee, in indorsing without recourse, that maker was legally competent to contract, was breached by payee because maker was a minor, plaintiff, in view of Code 1923, §§ 9064, 9091, could sue payee for·breach of warranty without first suing maker.

Certiorari to Court of Appeals.

Petition of the Commercial Credit Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Commercial Credit Co. v. Ward & Son Auto Co., 21 Ala. App. 515, 109 So. 576. Writ awarded.

London, Yancey & Brower, Al G. Rives, and W. M. Windham, all of Birmingham, and W. W. Sanders, of Elba, for appellant.

Under a qualified indorsement, an indorser warrants that all prior parties had capacity to make a valid, binding, and enforceable contract. Henderson v. Fox, 5 Ind. 489; 8 C. J. 395, 397; Hurst v. Chambers, 12 Bush (Ky.) 155; 1 Daniel on Neg. Inst. (5th ·Ed.) 638; Code 1923, § 9050; 1 Joyce, Def. to Comm. Paper (2d Ed.) 210. This warranty is breached by the mere fact that the maker is an infant. Henderson v. Fox, 5 Ind. 489; Daniel, p. 196, 536, 639; 2 Atkins, 181; Brannon, Neg. Inst. Law (3d Ed.) 244. There was no duty resting on the indorsee to seek the maker before bringing suit against the indorser. Bernitz v. Stratford, 22 Ind. 322; Buchanan v. Berkshire L. I. Co., 96 Ind. 510; Cravens v. Hopson, 7 Ky. (4 Bibb) 286; Crawford's Ann. Neg. Inst. Law, 132; Davis v. McColl (Mo. App.) 184 S. W. 920; Birmingham Nat. Bank v. Bradley, 103 Ala. 109, 15 So. 440, 49 Am. St. Rep. 17.

J. Morgan Prestwood, of Andalusia, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is an application for writ of certiorari to the. court of appeals to review and revise its judgment and decision in a case in which the Commercial Credit Company was plaintiff, and Ward & Son Auto Company was the defendant.

The petition presents only one question. The trial court sustained demurrers to count 1 of the complaint; and this ruling was approved and affirmed by the court of appeals, and the correctness of that ruling is here for review.

The credit company by this count claims of the defendant, Ward & Son Auto Company, $250 damages for that one J. D. Stanley executed to the defendant a negotiable promissory note for $435.75, dated May 21, 1923, payable in monthly installments of $36.12 per month, beginning on May 21, 1923, and ·continuing each month for 12 months. He was a minor, under 21 years of age, at the time the note was executed by him, and was, therefore, without legal capacity to execute the note and bind himself thereby, and the defendant indorsed the note to plaintiff without recourse, and thereby warranted the legal capacity of J. D. Stanley to execute it, and Stanley has failed or ·refused to pay the note. These are the allegations of this count.

[1] No objection can be taken or allowed to this count which is not distinctly stated in the demurrer. Section 9479, Code of 1923, and authorities there cited. This demurrer points out only one alleged defect ' in the count and that is, it fails to allege that Stanley, the maker of the note, had been sued on the note in a court of competent jurisdiction, that he pleaded his minority to the action on the note, and this defense was sustained by the court to the damage of plaintiff. The count may contain defects, but this alleged one is all that we have to consider.

[2] The defendant, by indorsing this note without recourse ·for value and delivering it to the plaintiff, thereby warranted "that all prior parties had capacity to contract." The defendant thereby warranted that Stanley, the maker of it, had the capacity to contract, as evidenced by this note. Sections 9064, 9091, Code of 1923.

[3] Did Stanley, the maker of this note, have capacity at the time to contract? That is the question presented. If Stanley did not have the capacity to contract when he executed the note, then the warranty was breached by the defendant, the payee, when he indorsed it, without recourse, for value, and delivered it to the plaintiff; and plaintiff could maintain this action. It affirmatively appears from this count, which is admitted by the demurrer, that Stanley, the maker of the note, was a minor,.under 21 years of age when he executed it. So, has a minor the capacity to contract is the real question presented? An infant is not bound by his contract, except "for necessities, if equal and reasonable." Smoot v. Ryan, 187 Ala. 396, 65 So. 828.

[4, 5] There is ·nothing in this count 'showing the consideration was for reasonable necessities for the minor. A minor's contract generally is voidable and he may repudiate or avoid it, or he may ratify it after reaching majority. The minor is not bound by this contract to the other party to it, as he had no legal capacity while a minor to make it. Bell v. Burkhalter, 176 Ala. 62, 57 So. 460. The statutes of this state provide under what circumstances, the mode, and the

manner, a minor, over 18 years of age, may be relieved of his disabilities of nonage by the circuit court in equity, and ,vested "with the right to sue and be sued, contract," etc. Thus clearly indicating a minor without such permission and decree of the court has not the capacity to contract. Sections 8280–8287, Code of 1923. The general rule is that infants are incompetent to become parties to an express contract; their contracts generally are voidable. Authorities supra.

In 8 Corpus Juris, 395, § 583, on the subject of capacity of prior parties to contract by , negotiable promissory note, we find the following text:

"The transferor warrants that the antecedent parties are legally capable of binding themselves in the capacities in which they have severally signed."

See, also, Scarbrough v. City Nat. Bank, 157 Ala. 577, 48 So. 62, 131 Am. St. Rep. 71.

We also find in 1 Joyce on Defenses to Commercial Papers, § 145, the following:

"So an assignor of a negotiable note warrants the validity of the note and that the maker is liable to pay it, and where a note so assigned is made by an infant, the assignee may proceed in the first instance against the assignor."

This is sustained and fully supported by Henderson v. Fox, 5 Ind. 489, where the suit was by the assignee of a promissory note against the assignor, and the note was made by a minor, who had not been sued, the court wrote:

"The making and indorsement of the note and the infancy of the maker were all that was essential to the plaintiff's right of recovery. The residue was surplusage."

[6] This note is an express contract made by J. D. Stanley, an infant. He had at the time no legal capacity to bind himself by it. It cannot be inforced without his ratification. The defendant by transferring, without recourse, for value, this note to plaintiff warranted that the maker of it had the "capacity to contract," that is the payer, Stanley, was legally capable of making the contract, and could be bound by it unconditionally. This warranty was breached by the defendant, because the maker of the note was, at the time he executed it, a minor, without legal capacity to make the contract, and the plaintiff can prosecute this action against the defendant for damages for breach of the warranty, without first suing the maker, the minor. Sections 9064, 9091, Code of 1923, and authorities, supra.

It results that the trial court erred in sustaining the demurrer to this count numbered one of the complaint. This demurrer should have been overruled.

The application for writ of certiorari will be granted, and the cause remanded to the court of appeals for further consideration in accordance with this opinion.

Writ awarded.

All the Justices concur.