BRYAN v. FIRST NAT. BANK OF BRANTLEY. (4 Div. 336.)

Supreme Court of Alabama. Nov. 25, 1927.

1. Infants ⬸98—Offer by defendant during maturity to return automobile purchased with money borrowed from bank on note executed during infancy held erroneously excluded in suit on note.

In action on note executed by defendant, six weeks before becoming of age, to borrow money from plaintiff bank, which was used for purchase of automobile, evidence of offer to surrender automobile to bank, made on defendant's arriving at maturity, was some evidence tending to show disaffirmance of contract made in infancy, and was erroneously excluded.

2. Infants ⬸98—Retention, after maturity, of proceeds of contract, made during infancy, is admissible as evidence of ratification, infant proposing to disaffirm being required to offer restitution within reasonable time.

When infant arrives at full age, with proceeds of contract executed during infancy in his hands, retention and use of proceeds shows acquiescence in contract, which may be offered in evidence of ratification; good faith requiring infant to offer restitution within reasonable time, if he proposes to disaffirm.

3. Infants ⬸98—Offer to restore proceeds of contract made during infancy tends to negative ratification after arrival at maturity.

When infant arrives at full age, with proceeds of contract made during infancy in his hands, offer of restitution tends to negative ratification.

4. Infants ⬸58(2)—Offer to restore automobile purchased with loan by infant held properly made to lender rather than seller.

In action by bank on note executed by infant for loan used to purchase automobile, offer by infant to return automobile, thereby disaffirming contract, was properly made to bank rather than seller of automobile; person holding obligation made in infancy being proper party to whom thing received or its proceeds should be returned.

5. Infants ⬸102—Evidence, in suit on note executed by infant, held sufficient to make question of ratification after maturity for jury.

In action by bank on note executed by infant for loan used to purchase automobile, evidence by plaintiff that, on request to renew note when defendant became of age, defendant stated he did not see any use in giving new note, as all his property was embraced in note made, tended to show recognition of note as valid subsisting obligation, sufficient to make question of ratification for jury.

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Action on promissory note by the First National Bank of Brantley against J. M. Bryan and I. M. Bryan. From a judgment for plaintiff, defendant J. M. Bryan appeals. Reversed and remanded.

W. H. Stoddard, of Luverne, for appellant.

Defendant should have been permitted to show that he offered to return the property. American Mtg. Co. v. Dykes, 111 Ala. 188, 18 So. 292, 56 Am. St. Rep. 38; International Text Book Co. v. Connelly, 206 N. Y. 188, 99 N. E. 722, 42 L. R. A. (N. S.) 1115; Grissom v. Beidleman, 35 Okl. 343, 129 P. 853, 44 L. R. A. (N. S.) 411, Ann. Cas. 1914D, 599; Craig v. Van Bebber, 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 569.

Frank B. Bricken, of Luverne, for appellee.

The question of ratification was for the jury. Mortgage Co. v. Wright, 101 Ala. 658, 14 So. 399. The proposed testimony that defendant offered to return the car to the bank was wholly incompetent.

BOULDIN, J. The action was upon a promissory note. The defense was infancy.

It appears the note was given by appellant and his mother in renewal of a former note which had been executed for money borrowed from plaintiff bank with which to pay for an automobile purchased from another party; that the sale of the car was negotiated through the cashier of the bank as the agent of the seller.

[1] There was evidence that the present note was executed some six weeks before the arrival of appellant at full age. He offered

evidence that soon after the execution of this note he offered to surrender the car to the bank.

The trial court rejected this evidence on objection of plaintiff. In this there was error.

[2] Without dispute, the car represented the proceeds of the loan in his hands at the time. The offer to return the money or the proceeds thereof in his hands on arrival at maturity was some evidence tending to show a disaffirmance of his contract made in infancy. When an infant arrives at full age, with the proceeds of such contract in his hands, a retention and use of such proceeds shows acquiescence in such contract which may be offered as evidence of ratification. Good faith calls upon him to say whether these proceeds shall be held as his own or recognized as the property of another. An offer of restitution within a reasonable time is a duty, if he proposes to disaffirm.

[3, 4] Conversely, an offer of restitution tends to negative ratification. Appellee makes the point that the offer to return should have been made to the vendor and not to the bank. This contention is erroneous. The person holding the obligation made in infancy is the proper party to whom the thing received or its proceeds should be returned, that he may be placed in statu quo so far as proceeds still held by the erstwhile infant will accomplish that result. Bell v. Burkhalter, 176 Ala. 62, 57 So. 460; Mortgage Co. v. Dykes, 111 Ala. 187, 18 So. 292, 56 Am. St. Rep. 38.

[5] Plaintiff's evidence to the effect that, on request to renew this note about a year after it was given, defendant replied that he did not see any use in giving a new note, as all his property was embraced in this note, tended in some measure to show a recognition of this paper as a valid subsisting obligation. The question of ratification was for the jury. Mortgage Co. v. Wright, 101 Ala. 658, 14 So. 399.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.