65 So.2d 829

**STANDARD MOTORS, Inc. v. RAUE.**

**I Div. 622.**

Court of Appeals of Alabama.

June 2, 1953.

Vincent F. Kilborn and Fred G. Collins, Mobile, for appellant.

D. P. Moore, Mobile, for appellee.

PRICE, Judge.

The plaintiff brought an action for the recovery of money paid on the purchase price of an automobile.

The cause was tried by the court without the intervention of a jury, and resulted in a judgment for plaintiff for $422. Defendant appeals.

The evidence for plaintiff was to the effect that on February 3, 1950, Leon F. Raue, a minor, purchased from defendant a used 1948 Model Oldsmobile Coupe for the total price of $2,413.60, paying $400 cash on the purchase price.

On June 5, 1950, the minor returned the car to defendant's used car lot and after the manager had declined to accept the keys plaintiff threw them on the car seat and left the car on the lot. His demand for the return of the down payment was also refused.

It is settled law that the contract of an infant, other than contracts for necessaries, is voidable at his election at any time during his minority or within a reasonable time after attaining his majority, and the disaffirmance of his contract renders it void ab initio. Shropshire v. Burns, Adm'r, 46 Ala. 108; Keller v. Ray Motor Company, 22 Ala.App. 252, 114 So. 422; Bell v. Burkhalter, 176 Ala. 62, 57 So. 460; Commercial Credit Co. v. Ward & Son

Auto Co., 215 Ala. 34, 109 So. 574; Tatum v. Montgomery Banking Co., 33 Ala.App. 186, 31 So.2d 311. And upon rescinding a contract of sale he is entitled to recover from the seller what he has parted with.

 It is the appellant's contention that plaintiff was merely one of three purchasers of the automobile introducing on the trial a conditional sale contract bearing the signatures of plaintiff, his mother, Mrs. W. E. Raue, and his sister, Rose Mary Raue, and urges that the mother and sister, being parties to the contract, should have been united as parties plaintiff and that the court should have taken cognizance ex mero motu of their nonjoinder.

This contention is without merit. The suit is not upon the contract. It is an action by the minor, after disaffirmance of the contract, to recover a sum of money which under the undisputed evidence was his property and paid by him to defendant.

 Moreover, the right to avoid a contract because of infancy is a privilege personal to the infant and is not extended for the benefit of others. The plaintiff's right to rescind because of his minority is separate and distinguishable from the rights of the other parties to the contract, and his assertion of such right would not affect the contractual obligations of the other parties. Wharen v. Funk, 152 Pa.Super. 133, 31 A. 2d 450.

Appellant insists it was the duty of plaintiff upon his disaffirmance of the contract to deliver the automobile to the First Finance, Incorporated, defendant having assigned the contract the day after the sale, and plaintiff having made three monthly payments of $83.90 each to the finance company.

An infant, upon arriving at his majority, may not repudiate or disaffirm his contract, except upon condition that he restores or abandons to the use of the other party whatever remains in his possession of the consideration received. But during minority, if he has wasted or consumed the consideration he is not required to refund it and it is not a condition precedent to the avoidance of his contract that the other party be placed in statu quo. Drennen Motor Car Co. v. Smith, 230 Ala. 275, 160 So. 761; Bell v. Burkhalter, 176 Ala. 62, 57 So. 460. Defendant, under his undisputed evidence, was nineteen years of age.

Furthermore, the property was restored to the party with whom the infant contracted and it is immaterial that the seller's assignee was not notified. 43 C.J. S., Infants, § 47; Spencer v. Collins, 156 Cal. 298, 104 P. 320. See also Bryan v. First National Bank of Brantley, 217 Ala. 50, 114 So. 576.

The judgment of the lower court is affirmed.

Affirmed.